# EXHIBIT 7



46-01 20th Avenue
Astoria, New York 11105
www.cair-ny.org | (646) 665-7599

Council on American-Islamic Relations

April 6th, 2017

Roula Allouch
CAIR National Board Chair
453 New Jersey Avenue, SE
Washington, DC 20003
rallouch@cair.com
*via email*

Ahmed Al-Shehab
CAIR National Board Member
453 New Jersey Avenue, SE
Washington, DC 20003
aalshehab@cair.com
*via email*

Nihad Awad
CAIR National Board Member and Exec. Dir.
453 New Jersey Avenue, SE
Washington, DC 20003
nawad@cair.com
*via email*

Arlene El-Amin
CAIR National Board Member
453 New Jersey Avenue, SE
Washington, DC 20003
aelamin@cair.com
*via email*

Sarwat Husain
CAIR National Board Member
453 New Jersey Avenue, SE
Washington, DC 20003
shusain@cair.com
*via email*

James Jones
CAIR National Board Member
453 New Jersey Avenue, SE
Washington, DC 20003
jjones@cair.com
*via email*

Masoud Nassimi
CAIR National Board Member
453 New Jersey Avenue, SE
Washington, DC 20003
mnassimi@cair.com
*via email*

Dr. Manal Fakhoury
CAIR National Board Member
453 New Jersey Avenue, SE
Washington, DC 20003
mfakhoury@cair.com
*via email*

**Re: Urgent need to address unethical conduct by CAIR National's Legal Department and concerns relating to *Sarsour v. Trump*.**

Dear Members of the Board,

For several weeks, we have attempted to work with the staff at CAIR National to address unethical conduct within the Legal Department. As New York licensed attorneys, we have a distinct ethical obligation to address such lapses, as explained below. As such, it's of the utmost urgency to us that the board take immediate measures to address these ethical lapses

CASE 0:21-cv-01267-SRN-TNL   Doc. 5-7   Filed 06/11/21   Page 3 of 5

CAIRNY - Urgent need to address unethical conduct by CAIR National's Legal Department and concerns relating to *Sarsour v. Trump*.
4/6/2017
Page 2 of 4

and CAIR's irreparably flawed litigation strategy in *Sarsour v. Trump*. At a bare minimum, CAIR National must stop any appeal of the March 24th ruling in *Sarsour v. Trump*. This loss was significant, but if we appeal, we risk turning a minor defeat into an outright catastrophe. The States of Hawaii and Maryland, which successfully blocked the second "Muslim Ban," are in much stronger positions to challenge the second "Muslim Ban" on appeal.

Additionally, CAIR National must remedy the unethical conduct we have observed to date. Ms. Masri has repeatedly violated the rules governing the ethical practice of law. As both we and Ms. Masri are licensed in New York, we may soon be forced to report such unethical conduct to the New York State Bar. This is an extraordinary step, and one we would only consider as an absolute last option. We are distressed beyond words to think that we may be forced to publicly report internal misconduct, especially given the likely fallout from such a public investigation. Sadly, for us, such disclosure may soon no longer be optional.

Under the New York Rules of Professional Conduct, every attorney is a mandatory reporter. In other words, when we see another attorney break the rules, we can lose our law license if we remain silent. We hate the thought of having to take this dispute outside the CAIR family, but we will not stay silent if it means endangering our own ability to practice law and serve the community.

Below, we include several examples of Ms. Masri's misconduct, but this list is not exhaustive. While we have omitted formal legal citations, we will happily provide them upon request.

- Ms. Masri has repeatedly made significant decisions about the strategy of *Sarsour v. Trump* without the required consultation with her clients. Examples include:
    - Ms. Masri filed an Amended Complaint on 3/13/2017 without client notice or consent;
    - Ms. Masri filed a Petition for a Temporary Restraining Order (TRO) and/or Permanent Injunction (PI) on 3/13/2017 without notice or consent from all of her clients; and
    - When the United States District Court for the Eastern District of Virginia ruled against Ms. Masri's Petition for a TRO/PI on 3/24/2017, she notified the media she would appeal before receiving client consent.

- Ms. Masri repeatedly made false or misleading statements in calls with, or emails to, CAIR staff. Regrettably, since many of these same CAIR staff members are also plaintiffs in *Sarsour v. Trump*, she has apparently materially misled her clients. It is hard to overstate just how grave an ethical breach this is. Examples include:
    - On 1/29/2017, Ms. Masri stated on a conference call that she had consulted with "dozens of experts" who reviewed and approved the original draft complaint from *Sarsour v. Trump*. When pressed to name such experts, Ms. Masri could only name a single "expert," an attorney who doesn't practice in the areas of law implicated by *Sarsour v. Trump*.

CASE 0:21-cv-01267-SRN-TNL   Doc. 5-7   Filed 06/11/21   Page 4 of 5

CAIRNY - Urgent need to address unethical conduct by CAIR National's Legal Department and concerns relating to *Sarsour v. Trump*.
4/6/2017
Page 3 of 4

- On 3/7/2017, Ms. Masri provided an update on President Trump's revised *Executive Order Protecting the Nation from Foreign Terrorist Entry into The United States*, *i.e.*, "Muslim ban 2.0." This email contained numerous false statements about the importance of *Sarsour v. Trump* in reshaping and limiting the revised "Muslim ban." Examples include:
    - CAIR had the **only** lawsuit to challenge the Muslim Ban's impact on dual citizens;
    - CAIR had the **only** lawsuit to challenge the Muslim Ban's impact on asylees;
    - CAIR had the **only** lawsuit to challenge the Muslim Ban's impact on spouses of those residing in the U.S.; and
    - CAIR had the **only** lawsuit to challenge the Muslim Ban's impact on infants seeking to enter or stay in the U.S.
- Each of these items was raised in numerous other lawsuits, and so Ms. Masri's statements were false. As this update was sent to a list including CAIR staff who are also plaintiffs, these false/misleading statements are a violation of the rules of professional conduct. Ms. Masri was publicly questioned about the validity of these statements, and she declined to respond.

- On 2/4/2017, Ms. Masri stated in an email to the *Shura*, *Legal*, and *CRList* list serves "We have retained one of the largest law firms in the country (they requested anonymity because of the high-profile nature of the case) that has given us over 30 pro bono attorneys to help with our case." She repeated similar statements on the Legal list serve on 3/14 and multiple other occasions. Such a secret arrangement, if it existed, would be blatantly unethical.
    - The quality of the filings prepared to date, some of which are riddled with typographic and other errors, suggest that the documents were not produced by such a large, well-resourced team. However, even if Ms. Masri was telling the truth about this law firm's involvement, she would have committed a grave ethical breach by retaining co-counsel without client notification or consent.

If true, Ms. Masri's statements about secretly retaining co-counsel are quite troubling. Co-counsel cannot be retained without the client's informed consent. To do otherwise would violate more rules of ethics than can be succinctly stated here. Additionally, Ms. Masri has refused repeated client requests for information about this law firm. Recently, Ms. Masri stated that she and the firm entered into a non-disclosure agreement (NDA), prohibiting her from sharing the name of the firm. If this agreement exists, it would be plainly unethical. As the notes to New York's ethics rules state, a "lawyer may not withhold information to serve the lawyer's own interest or convenience or the interests or convenience of another person." If such a NDA exists, it would be for the benefit of the firm, not the client.

CAIRNY - Urgent need to address unethical conduct by CAIR National's Legal Department and concerns relating to *Sarsour v. Trump.*
4/6/2017
Page 4 of 4

In recent days, after we approached Ms. Masri with the latest in a series of escalating warnings, she finally agreed to provide updates to her clients about *Sarsour v. Trump*, including the identity of the firm that had been secretly retained to represent them. However, there is a crucial difference between providing information and obtaining actual consent. Ms. Masri has provided us no assurances that clients have consented to such continued representation, nor has she explained how such an arrangement was ethical to begin with. While Ms. Masri has no legal obligation to inform her CAIR colleagues about such steps, she is well aware that we may be obligated to report her ethical lapses, and it would only be in her own self-interest to inform us how she is remedying this situation.

Additionally, following intervention from CAIR-NY and other chapters, Ms. Masri promised to hold a call with executive directors and legal personnel, giving them an "opportunity to feel comfortable to say what's on their mind" and to give their "thoughts regarding moving forward on . . ." *Sarsour v. Trump*. After nearly a week-long delay, and repeated assurances, this call was hurriedly scheduled on less than 90 minutes notice, with legal personnel excluded from taking part. As a result, few were able to participate, and no one had an opportunity to adequately prepare. Thus, unfortunately, yet another opportunity at resolution was lost.

In sum, corrective action is needed immediately, or we will be required to report Ms. Masri's action to the New York State Bar. Additionally, immediate action is needed to block any appeal of the 3/24/2017 ruling in *Sarsour v. Trump*. While we hope to have a broader discussion on these topics at the National Conference, these two items simply cannot wait.

Sincerely,

_____           _____
Afaf Nasher, Esq.                                                Albert Fox Cahn, Esq.
Executive Director                                              Legal Director
CAIR-NY                                                                CAIR-NY


Cc: Lena Masri
    Lori Saroya