

Steven C. Kerbaugh
Phone: (612) 225-2792
Steven.Kerbaugh@saul.com
www.saul.com

August 6, 2021

**VIA ECF**
The Honorable Tony N. Leung
U.S. Magistrate Judge
United States District Court
U.S. Courthouse, Courtroom 9W
300 South Fourth Street
Minneapolis, MN 55124

      RE:    *CAIR Foundation, Inc. and CAIR v. Lori Saroya*
                Civil Action No. 0:21-cv-01267-SRN-TNL

Dear Judge Leung:

      As you know, we represent Defendant Lori Saroya ("Saroya") in the above-referenced matter. The Court's Pretrial Scheduling Order dated July 29, 2021 (ECF No. 18) (the "Scheduling Order") provides in part as follows:

> Notwithstanding the foregoing, no party shall file a dispositive motion before the close of discovery without first obtaining permission from the undersigned. Permission shall be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time . . . .

(Scheduling Order § 5.b.) We write pursuant to the Scheduling Order to request leave to file a dispositive motion on or before August 16, 2021.

      Ms. Saroya respectfully requests that the Court permit her to file a motion for partial judgment on the pleadings. Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").

33 S. 6th Street, Suite 4750 ♦ Minneapolis, MN 55402 ♦ Phone: 612-225-2800 ♦ Fax: 612-677-3844

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

38824237.1

The Honorable Tony N. Leung
United States District Court
August 6, 2021
Page 2

Ms. Saroya believes that the motion for judgment on the pleadings will result in a very significant paring down of the Complaint and of the litigation in that a substantial portion of the allegations should be dismissed upon application of the governing law to the allegations themselves.

Counsel for the parties have discussed Ms. Saroya bringing a Rule 12(c) motion and agreed on a briefing schedule for same according to which Ms. Saroya would file the motion on or before August 16, 2021; Plaintiff CAIR Foundation, Inc. d/b/a Council on American-Islamic Relations, & CAIR ("Plaintiff") would file its opposition within 30 days of Ms. Saroya's filing; and Ms. Saroya would file her reply brief 14 days after the filing of Plaintiff's opposition. (Joint Rule 26(f) Report dated July 22, 2021 (ECF No. 15) § I.D.2.) Ms. Saroya would thus likewise respectfully request that the Court enter an order approving that briefing schedule.

As the Court is aware, Plaintiff's Complaint in this matter contains five causes of action: Count I (Defamation), Count II (Defamation Per Se), Count III (Tortious Interference with Business Relationships), Count IV (Breach of Contract), and Count V (Injunctive Relief). Ms. Saroya's motion will seek dismissal of the Complaint in large part on the following bases:

- Count I (Defamation), Count II (Defamation Per Se) and Count III (Tortious Interference with Business Relationships) should be dismissed (1) because many of the alleged defamatory statements on which these Counts are based are barred by the applicable two-year statute of limitations; and (2) because even more of them are, as a matter of law, non-actionable opinion rather than statements of objectively verifiable fact and, therefore, cannot serve either as the basis for a claim of defamation or tortious interference.

- Count III (Tortious Interference with Business Relationships) must be dismissed for the additional reason that the allegations fail to state a claim upon which relief can be granted.

- Count V (Injunctive Relief) should be dismissed because an injunction is a remedy and not a cause of action, and because the remedy specified is in certain respects violative of the First Amendment.

By her motion, then, Ms. Saroya will seek dismissal of a significant portion of Plaintiff's Complaint.

The Honorable Tony N. Leung
United States District Court
August 6, 2021
Page 3

      We believe that the application of the controlling law to Plaintiff's allegations through this Rule 12(c) motion will result in the elimination of many, and indeed most, of the allegations in the case, with the result that the litigation itself will be significantly pared down, with the concomitant significant reduction in the expense of the litigation for the parties and the need for imposition on judicial resources. By definition, the Rule 12(c) motion does not require any discovery; it will be based solely on the Complaint itself and the governing legal authority.

      For the foregoing reasons, Ms. Saroya respectfully requests that the Court grant her permission to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). We thank you for your attention to this request.

      Sincerely,

      *s/ Steven C. Kerbaugh*

      Steven C. Kerbaugh

SCK/FJ

cc:    Counsel of Record (via ECF)