# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CAIR FOUNDATION, INC., d/b/a COUNCIL ON AMERICAN-ISLAMIC RELATIONS, & CAIR,<br><br>Plaintiff,<br><br>v.<br><br>ASMA LORI HAIDRI SAROYA a.k.a. LORI SAROYA, ASMA SAROYA, LORI HAIDRI, LORI HAIDRI-SAROYA, & LH,<br><br>Defendant. | Civil Action No.: 0:21-cv-01267<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

The parties stipulate that the court may enter the following protective order:

**1**    **Definitions.** As used in this protective order:

    (a)    "attorney" means an attorney who has appeared in this action;

    (b)    "confidential document" means a document designated <ins>in good faith</ins> as confidential under this protective order<ins>;</ins><del>.</del> <ins>the parties agree that "confidential documents" do not include documents that are part of the public record,</ins>

1

~~including without limitation court and agency filings that are not under seal, information available on the internet, and any documents or information that is available to the public, none of which shall be designated as "confidential" by the parties. "Confidential documents" do not include documents or testimony provided by third parties who do not designate the documents/testimony confidential or documents that are part of the public record, including without limitation court and agency filings that are not under seal, deposition testimony taken, documents produced and interrogatories issued in other proceedings that are not subject to protection under a governing protective order, information available on the internet, and any documents or information that is available to the public, none of which shall be designated as "confidential" by the parties~~;

(c) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice;

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

**2   Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends <u>in good faith</u> that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

  (1) on the record at the deposition; or

  (2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3  Who May Receive a Confidential Document.**

(a) A confidential document may be used only in this action.

(b) No person receiving a confidential document may reveal it, except to:

  (1) the court and its staff;

  (2) an attorney or an attorney's partner, associate, or staff;

  (3) a person shown on the face of the confidential document to have authored or received it;

  (4) a court reporter or videographer retained in connection with this action;

  (5) a party (subject to paragraph 3(c));

> **Commented [A1]:** Not agreeing to delete this.

3

38842261.1

   (65) any witness called to testify at a deposition or hearing in this action if, prior to receiving the confidential document or information, the witness executes the Declaration attached hereto Exhibit A. ; and

   (76) any person who:

     (A) is retained to assist a party or attorney with this action; and

     (B) executes the Declaration attached hereto as Exhibit A.

> Formatted: Indent: Hanging: 0.5", Line spacing: Double

 (c) A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

> Commented [A2]: Not agreeing to delete this.

 (ed) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4**   **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

**5**   **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6**   **Use of a Confidential Document in Court.**

 (a) Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with LR 5.6.

4

    (b)    Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**7**    **Changing a Confidential Document's Designation.**

    (a)    Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b)    Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c)    Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8**    **Handling a Confidential Document after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each party must:

        (1)    return or destroy all confidential documents; and

        (2)    notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

    (b)    Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**9    Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    Notice.

        (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

        (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

    (b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10    Security Precautions and Data Breaches.**

    (a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

6

(b)  A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11**  **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

Dated: ~~July 22~~August 13, 2021        **CHRISTENSEN LAW OFFICE PLLC**

By
Carl E. Christensen (MN #0350412)
800 Washington Avenue North, Suite 704
Minneapolis, MN 55401
Telephone: (612) 823-4016
Facsimile: (612) 823-4777
Email: carl@clawoffice.com

and

  /s
Michael J. Fortunato (*admitted pro hac vice*)
Cynthia B. Morgan (*admitted pro hac vice*)
RUBIN FORTUNATO & HARBISON P.C.
10 South Leopard Road
Telephone: (610) 408-2000
Facsimile: (610) 408-9000
Email: mfortunato@rubinfortunato.com
Email: cmorgan@rubinfortunato.com

*Attorneys for Plaintiff CAIR Foundation, Inc., d/b/a Council on American-Islamic Relations, & CAIR*

Dated: ~~July 22~~August 13, 2021        **SAUL EWING ARNSTEIN & LEHR, LLP**

By   s/
Alain M. Baudry (MN #186685)
Steven C. Kerbaugh (MN #0390429)
33 South Sixth Street, Suite 4750
Minneapolis, MN 55402
Telephone: (612) 225-2946
Facsimile: (612) 677-3844
Email: alain.baudry@saul.com

8

38842261.1

Email:  steven.kerbaugh@saul.com

Jeffrey S. Robbins (*admitted pro hac vice*)
Joseph D. Lipchitz (*admitted pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
Facsimile: (617) 723-4151
Email:  jeffrey.robbins@saul.com
Email:  joseph.lipchitz@saul.com

*Attorneys for Defendant Lori Saroya*

9

38842261.1

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CAIR FOUNDATION, INC., d/b/a COUNCIL ON AMERICAN-ISLAMIC RELATIONS, & CAIR, <br><br> Plaintiff, <br><br> v. <br><br> ASMA LORI HAIDRI SAROYA a.k.a. LORI SAROYA, ASMA SAROYA, LORI HAIDRI, LORI HAIDRI-SAROYA, & LH, <br><br> Defendant. | Civil Action No.:  0:21-cv-01267 <br><br> **STIPULATION FOR PROTECTIVE ORDER** |

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY TERMS OF STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have received a copy of the Stipulated Protective Order ("Protective Order"), entered in the above-captioned action. I have carefully read the Protective Order in the above-captioned case and I fully understand the terms of the Protective Order. I recognize that I am bound by the terms of that Protective Order, and

10

38842261.1

I agree to comply with those terms. I agree, under penalty of perjury, not to disclose information designated thereunder as "Confidential" to any person not entitled to access such information.

I further agree to use "Confidential" material only in connection with this Court action, and not for any other purpose.

I hereby consent to the jurisdiction of the above-caption Court in respect to any proceedings relative to the enforcement of that Protective Order, including without limitation any proceeding related to contempt.

At the end of this Court action, or my involvement in this Court action, whichever occurs first, I will return to counsel for the party who produced any "Confidential" documents or information that has come into my possession.

Executed this _____ of _____ 20___, at _____.

_____
Signature

Name:_____

Company:_____

Business Address:_____

Business Telephone Number: _____