

Steven C. Kerbaugh
Phone: (612) 225-2792
Steven.Kerbaugh@saul.com
www.saul.com

August 25, 2021

**VIA ECF**
The Honorable Tony N. Leung
U.S. Magistrate Judge
United States District Court
U.S. Courthouse, Courtroom 9W
300 South Fourth Street
Minneapolis, MN 55415

      RE:    *CAIR Foundation, Inc. v. Saroya*
               Civil Action No. 0:21-cv-01267-SRN-TNL

Dear Judge Leung:

      I write on behalf Defendant Lori Saroya ("Saroya"). Pursuant to the Court's Order dated August 19, 2021 (ECF No. 24), the parties are to submit a letter to the Court explaining the reasoning for their proposed protective order language.

      "There is a common-law right of access to judicial records . . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and to keep a watchful eye on the workings of public agencies. It also provides a measure of accountability to the public at large, which pays for the courts." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted); *see also* D. Minn. LR 5.6(d), Advisory Committee's Note ("[P]arties have been filing too much information under seal in civil cases . . . . Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.").

      Here, Plaintiff CAIR Foundation, Inc. ("CAIR") has put at issue the veracity of alleged defamatory statements concerning its internal affairs in a public forum. We have all seen this movie before. CAIR will use the protective order to designate every single document pertaining to its internal affairs as "Confidential," even if they relate to the alleged defamatory statements. Ms. Saroya will then have to file those documents under seal. CAIR should not be permitted to sanitize the public record in this way. Use of the protective order to prevent public filing of unflattering documents that go the heart of the claims here would be inappropriate.

      Worse, CAIR seeks the unfettered ability to designate any documents, even if they are already under the control of a party who does not owe CAIR any duty of non-disclosure, as

33 South 6th Street, Suite 4750 ♦ Minneapolis, MN 55402 ♦ Phone: (612) 225-2792 ♦ Fax: (612) 677-3844

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

August 25, 2021
Page 2

confidential or "attorneys' eyes only" ("AEO"), without any showing that it is a trade secret or otherwise commercially sensitive. Such an outcome would be particularly unjust and a fundamental violation of Ms. Saroya's rights where CAIR has filed a lengthy Complaint replete with accusations against her, accompanied by public statements that CAIR has made about her outside of this Court. CAIR would literally be able to prevent Ms. Saroya from seeing any documents that it wants by designating them as AEO, preventing Ms. Saroya from effectively participating in the defense of her case. CAIR should not be able to litigate its claims against an individual in a secret chamber, particularly a defendant whom it has publicly sued under a theory of defamation, placing the truth of Ms. Saroya's statements at issue. By deliberately, publicly placing Ms. Saroya's alleged defamatory statements at issue, CAIR should not be able to shield from the public or Ms. Saroya any documents that bear on the alleged defamatory statements.

Turning to the language of the protective order, the parties disagree on two primary issues: (1) whether documents produced by a third party who does not designate the documents confidential, *and* documents that are part of the public record may be subsequently designated as confidential by a party; and (2) whether a party may supplement a confidential designation with the words AEO so that the document may not be revealed to another party, thus <u>preventing Ms. Saroya from reviewing them</u>. The answer to both of these questions should be "no."

**<u>Confidentiality of Third Party and Public Documents</u>**

Ms. Saroya proposed the following addition to the proposed protective order:

"Confidential documents" do not include documents or testimony provided by third parties who do not designate the documents/testimony confidential or documents that are part of the public record, including without limitation court and agency filings that are not under seal, deposition testimony taken, documents produced and interrogatories issued in other proceedings that are not subject to protection under a governing protective order, information available on the internet, and any documents or information that is available to the public, none of which shall be designated as "confidential" by the parties[.]

Generally, when confidential information is disclosed to a third party with no further duty to protect the information, any protection afforded to that information is waived. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished."); *Lawfinders Assocs., Inc. v. Legal Rsch. Ctr., Inc.*, 65 F. Supp. 2d 414, 422 (N.D. Tex. 1998), *aff'd*, 193 F.3d 517 (5th Cir. 1999) ("Trade secret protection does not extend to information disclosed to others who have no duty of non-disclosure or duty of confidentiality.").

This is a not a trade secrets case. There is thus even less justification for keeping "confidential" information that has already been disclosed to third parties. Further, there is no justification for designating information that is already in the public record as confidential – it is

the antithesis of the very definition of "confidential." Therefore, Ms. Saroya respectfully requests that the Court adopt the above addition to the Definitions section of the protective order.

**Disfavor of "Attorneys' Eyes Only" Designation**

Second, Ms. Saroya struck this language from the proposed protective order:

A party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only," in which case a confidential document so designated may not be revealed to another party.

AEO designations are strongly disfavored by federal courts, due to the impact such a designation can have on party's ability to effectively consult with counsel. *See Ragland v. Blue Cross Blue Shield of N. Dakota*, No. 12-080, 2013 WL 3776495, at *1–2 (D.N.D. June 25, 2013) (AEO "is a drastic remedy given its impact on the party entitled to the information. For one thing, it limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions"). Therefore, "any designation of material as 'attorneys' eyes only' should be reserved for only those rare instances in which it is truly justified . . . ." *Id.* Further, "it should not be authorized simply because one of the parties would prefer that certain information not be disclosed to an opposing party." *Id.* "Generally, an 'attorneys' eyes only' designation is an [sic] appropriate only in cases involving trade secrets, patents, or other intellectual property." *Gillespie v. Charter Commc'ns*, 133 F. Supp. 3d 1195, 1202 (E.D. Mo. 2015).

As previously stated, this is not a case involving trade secrets, patents, or other intellectual property. Ms. Saroya is an individual who has been sued for defamation by a conglomerate of corporate entities known as "CAIR." As such, the truth or falsity of the statements made by Ms. Saroya about CAIR go directly to the heart of her defense. Thus, it is imperative that Ms. Saroya is able to review <u>all</u> documents produced by CAIR and consult with her attorneys regarding how the documents impact her defense, as there is no one else who can provide this kind of insight to Ms. Saroya's attorneys aside from Ms. Saroya herself. Any limitation on this ability would greatly hinder Ms. Saroya's defense.

Moreover, the fact that CAIR may not want unfavorable information disclosed to Ms. Saroya is not sufficient to allow an AEO designation, particularly in light of the fact that it was CAIR who brought this vast lawsuit against Ms. Saroya in federal court, and put the truth of her statements directly at issue. Therefore, Ms. Saroya respectfully requests that the Court not include language allowing an AEO designation in the protective order.

Sincerely,<br>
/s/ Steven C. Kerbaugh<br>
Steven C. Kerbaugh

cc: Counsel of Record (via ECF)