

**Cynthia B. Morgan**
Direct Dial: (610) 408-2022
Direct Fax: (610) 854-1865
Email: cmorgan@rubinfortunato.com

August 25, 2021

*Via ECF*
Honorable Tony N. Leung
U.S. Magistrate Judge
United States District Court
District of Minnesota
leung_chambers@mnd.uscourts.gov

  Re: CAIR FOUNDATION, INC., d/b/a Council on American-Islamic Relations and CAIR v. Asma Lori Saroya; Case No. 21-cv-1267 (SRN/TNL)
    Letter Concerning the Issuance of a Protective Order

Dear Magistrate Judge Leung:

  This Firm represents CAIR FOUNDATION, INC., d/b/a Council on American-Islamic Relations and CAIR ("CAIR") in the above-referenced matter. Pursuant to the Court's August 19, 2021 Order (ECF No. 24), CAIR hereby writes in support of its proposed protective order, a copy of which has been emailed directly to chambers in word format as directed. In support thereof, CAIR states the following:

  This matter stems from Defendant Asma Lori Saroya's ("Saroya") systemic and repeated defamatory attacks on her former employer CAIR and her misappropriation of CAIR's confidential and proprietary information. In the three years since her employment with CAIR ended, Saroya has published hundreds, if not thousands, of defamatory statements related to CAIR on social media platforms and other web-based platforms, as well as through targeted email and social media communications to CAIR's partners and donors. She has accused CAIR of committing sexual misconduct and other "abuses" against its employees and threatened to file a lawsuit against CAIR labeling it a terrorist organization.

  After CAIR initiated the instant litigation, Saroya's attack only increased and she has continued to publish documents and information exchanged between the parties and filed in this Court onto her social media platforms and in other forms of written communication. When CAIR first requested that the parties enter into a Stipulated Protective Order, Saroya stated that a protective order would "be not only an affront to the principle that judicial proceedings are supposed to be public ones and to basic fairness but an unconstitutional infringement of Defendant's rights of expression" and she would "oppose such a move." Accordingly, CAIR has

Honorable Tony N. Leung
July 22, 2021
Page 2

reason to believe that Saroya will publish CAIR's confidential and proprietary information produced in discovery if the information is not protected from dissemination pursuant to a protective order.

The parties met and conferred on the language of a stipulated order using this Court's template, but remain in disagreement on three material terms.

### 1. The Definition of Confidential Documents

First, with respect to the definition of Confidential Documents in Section 1(b), Saroya requested to add that such documents:

> "do not include documents or testimony provided by third parties who do not designate the documents/testimony confidential or documents that are part of the public record, including without limitation court and agency filings that are not under seal, deposition testimony taken, documents produced and interrogatories issued in other proceedings that are not subject to protection under governing protective order, information available on the internet, and any documents or information that is available to the public…"

In response, CAIR agreed to include language stipulating that documents are not confidential that are part of the public record or available to the public. CAIR also agreed that the party designating confidential documents must do so in "good faith." However, CAIR does not agree that documents provided by third parties who do not designate the documents/testimony confidential could never be subsequently designated as "Confidential" or "Attorneys' Eyes Only" by CAIR and precluded from public disclosure. By way of example, a third party may produce documents that it received from CAIR pursuant to a valid and enforceable confidentiality or non-disclosure agreement. In the event that occurs, CAIR would be well within its rights to designate those document as "Confidential." Likewise, Saroya should not be permitted to disclose documents that she receives from a third party that CAIR has already produced as "Confidential" or "Attorneys' Eyes Only" in an attempt to end-run the protective order.

### 2. Attorney's Eyes Only

In Section 3(b)(5), Soraya deleted the Court's template language that a party may receive confidential documents "subject to paragraph 3(c)" as well as paragraph 3(c) itself, which is an "Attorneys' Eyes Only" ("AEO") provision. CAIR requests that both provisions remain included in the Protective Order issued by this Court. Saroya has admitted that she is currently establishing a competing organization, and CAIR believes that she misappropriated its confidential donor lists to use those lists specifically to defame CAIR and solicit its donors for her own endeavors. CAIR requests that the Court's template AEO provision remain in the Order in the event that CAIR is required to disclose documents and information that it believes in good faith will result in the risk of competitive disadvantage or harm. In an effort to resolve Saroya's concerns regarding what information could be designated as AEO, CAIR proposes that the protective order

Honorable Tony N. Leung
July 22, 2021
Page 3

incorporate the definition of AEO documents accepted by the court in <u>Fair Isaac Corp. v. Experian Info. Sols.</u>:

> <u>A party may designate as "Confidential—Attorneys' Eyes Only" any document, deposition testimony, answer to interrogatory, or answer to request for admission that constitutes or discloses highly sensitive information that the Designating Party in good faith believes is unknown to or not readily ascertainable by the other party, its employees, the trade, or the public and that would damage the designating party if disclosed to the other party, its employees, or the public.</u> All copies, abstracts, excerpts, analysis, or other writings that contain, reflect or disclose the substance of documents designated "Confidential—Attorneys' Eyes Only" shall also be deemed highly confidential.

No. 06-4112 (ADM/JSM), 2009 U.S. Dist. LEXIS 146112, at *13-14 (D. Minn. July 10, 2009).

**3.   Requirement that witnesses and third party experts receiving Confidential Documents execute a declaration.**

Saroya requested to include any witness called to testify at a deposition or hearing in this action as "a person who may receive a Confidential Document" pursuant to Section 3 of the template order. CAIR does not object to this inclusion. CAIR simply requests that witnesses who receive documents designated "Confidential" from the parties in preparation for or during depositions be required to execute an agreement acknowledging that they have read and understand the terms of the Protective Order and agree to its terms. CAIR also requests that the AEO provision apply to deponents as well as to Saroya. CAIR has attached its proposed agreement as Exhibit A to its proposed order.

Despite Saroya's contentions, CAIR's proposed protective order does not stifle her rights in any fashion. If Saroya objects to any of CAIR's proposed designations, she is free to challenge those designations pursuant to the mechanisms delineated in the proposed order. But if Saroya is permitted to publish third party productions that are subject to valid and enforceable confidentiality agreements or view CAIR's highly sensitive information and use it for her own competing organization, then CAIR will be irreparably harmed with no mechanism for recovery.

Accordingly, CAIR respectfully requests that this Court issue its proposed order.

Respectfully,

Cynthia B. Morgan

cc:   Counsel of Record (via ECF)