## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| CAIR Foundation, Inc., *d/b/a Council on American-Islamic Relations, & CAIR*, | Case No. 21-cv-1267 (SRN/TNL) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| Asma Lori Haidri Saroya *a.k.a. Lori Saroya, Asma Saroya, Lori Haidri, Lori Haidri-Saroya, & LH*, | |
| Defendant. | |

This matter comes before the Court on the parties' competing proposals for a protective order to govern confidential information produced in this matter. *See generally* ECF Nos. 25, 26. The parties' dispute centers around four issues: the definition of a confidential document; the ability of a party to designate as "Confidential" or "Confidential—Attorneys' Eyes Only" under this Protective Order discovery provided by a third party when such third party did not so designate the discovery; the inclusion of an "Attorneys' Eyes Only" designation; and who needs to execute an acknowledgement declaration. The Court has adopted Plaintiff's proposal with certain modifications set forth herein.

First, Plaintiff is not attempting to "designat[e] information that is already in the public record as confidential." ECF No. 25 at 2. Plaintiff's proposed definition, which the Court has adopted, expressly provides that none of the following shall be designated as "Confidential" by the parties: "documents that are part of the public record, including without limitation court and agency filings that are not under seal, information available on the internet, and any documents or information that is available to the public." *See infra* ¶ 1(b).

1

Second, a party is not without a remedy should it believe another party or a non-party has indiscriminately or over designated discovery produced in this litigation as "Confidential" or "Confidential—Attorneys' Eyes Only," regardless of whether such discovery is provided by a party or a third party. *See infra* ¶ 7(c). And, should a party mount such a challenge, the designating party or non-party bears the burden of showing the designation was appropriate. *See infra* ¶ 7(c).

Third, Defendant's concern for "sanitiz[ation of] the public record" in the event Plaintiff were to designate all discovery as "Confidential" or "Confidential—Attorneys' Eyes Only," thus requiring Defendant to file such discovery under seal, is adequately addressed by Local Rule 5.6, which governs the filing of documents under seal in civil cases in this District. *See generally* D. Minn. LR 5.6.

Fourth, Plaintiff requests that all witnesses, including Defendant, who have access to discovery designated as "Confidential" or "Confidential—Attorneys' Eyes Only" "in preparation for or during depositions [or hearings] be required to execute" an acknowledgement declaration, stating that the witness has read and understands the terms of the Protective Order and agrees to be bound by it. ECF No. 26 at 2. The Court sees no reason why this should not apply equally to both parties, and will require both parties to execute an acknowledgement declaration. *See infra* ¶ 3(b)(5).

Based on the files, records, and proceedings herein, and pursuant to Fed. R. Civ. P. 26(c), **IT IS HEREBY ORDERED** that confidential information be disclosed as follows:

1.      **Definitions.**  As used in this Protective Order:

(a)      "attorney" means an attorney who has appeared in this action.

2

(b)    "confidential document" means a document designated in good faith as "Confidential" under this Protective Order.  "Confidential documents" do not include documents that are part of the public record, including without limitation court and agency filings that are not under seal, information available on the internet, and any documents or information that is available to the public, none of which shall be designated as "Confidential" by the parties.

(c)    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert.

(d)    "document" means information disclosed or produced in discovery, including at a deposition.

(e)    "notice" or "notify" means written notice.

(f)    "party" means a party to this action.

(g)    "protected document" means a document protected by a privilege or the work-product doctrine.

**2.**    **Designating a Document or Deposition as Confidential.**

(a)    A party or non-party disclosing or producing a document may designate it as "Confidential" if the party or non-party contends in good faith that it contains confidential or proprietary information.

(b)    A party or non-party may designate a document as confidential by conspicuously marking each page with the word "Confidential."

(c)    Deposition testimony may be designated as confidential:

(1)    on the record at the deposition; or

(2)      after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d)      If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.     Who May Receive a Confidential Document.**

(a)      A confidential document may be used only in this action.

(b)      No person receiving a confidential document may reveal it, except to:

    (1)      the court and its staff;

    (2)      an attorney or an attorney's partner, associate, or staff;

    (3)      a person shown on the face of the confidential document to have authored or received it;

    (4)      a court reporter or videographer retained in connection with this action;

    (5)      a party (subject to paragraph 3(c)) **if, prior to receiving the confidential document or information, the party executes the declaration attached hereto as Exhibit A**;

    (6)      any witness called to testify at a deposition or hearing in this action (subject to paragraph 3(c)) if, prior to receiving the confidential document or information, the witness executes the declaration attached hereto as Exhibit A; and

    (7)      any person who:

        (A)      is retained to assist a party or attorney with this action; and

        (B)      executes the declaration attached hereto as Exhibit A.

(c)     A party may supplement the "Confidential" mark (see paragraph 2(b)) with the words "Attorneys' Eyes Only," in which case a confidential document so designated may not be revealed to another party.  A party may designate as "Confidential—Attorneys' Eyes Only" any document, deposition testimony, answer to interrogatory, or answer to request for admission that constitutes or discloses highly sensitive **confidential or proprietary** information that the designating party in good faith believes is unknown to or not readily ascertainable by the other party, its employees, the trade, or the public and that would damage the designating party if disclosed to the other party, its employees, or the public. All copies, abstracts, excerpts, analysis, or other writings that contain, reflect or disclose the substance of documents designated "Confidential— Attorneys' Eyes Only" shall **be treated in the same manner as documents designated "Confidential—Attorneys' Eyes Only."**  Documents designated "Confidential—Attorneys' Eyes Only" may only be revealed to persons identified in paragraphs 3(b)(1), (2), (3), (4), and (7).

(d)     If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4.     **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order and of Local Rule 5.6.

5.     **Correcting an Error in Designation.**  A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

6.    **Use of a Confidential Document in Court.**

    (a)    Filing.  This Protective Order does not authorize the filing of any document under seal.  **The sealing of entire pleadings, memoranda of law, exhibits, and the like is strongly discouraged.  No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so.  Any party seeking to file a document under seal shall specifically review each document and the information therein to limit sealing only to the extent necessary.**  A confidential document may be filed only in accordance with Local Rule 5.6.  **Any joint motion made pursuant to Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform to Exhibit B attached hereto.   Counsel shall provide the Court with two courtesy copies of the unredacted documents with the redacted information highlighted in yellow.**

    (b)    Presentation at a hearing or trial.  **Except as otherwise provided in Local Rule 5.6,** a party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7.    **Changing a Confidential Document's Designation.**

    (a)    Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b)    Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or

the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)     Changing a designation by court order.  A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party.  The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8.     Handling a Confidential Document after Termination of Litigation.**

(a)     Within 60 days after the termination of this action (including any appeals), each party must:

    (1)     return or destroy all confidential documents; and

    (2)     notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b)     Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

**9.     Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)     Notice.

    (1)     A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2)     A party who discovers that it may have received an inadvertently

disclosed or produced protected document must promptly notify the

disclosing or producing party or non-party.

(b)     Handling of Protected Document. A party who is notified or discovers that it may

have received a protected document must comply with Fed. R. Civ. P.

26(b)(5)(B).

10.     **Security Precautions and Data Breaches.**

(a)     Each party must make reasonable efforts to protect the confidentiality of any

confidential document disclosed or produced to that party.

(b)     A party who learns of a breach of confidentiality must promptly notify the

disclosing or producing party of the scope and nature of that breach and make

reasonable efforts to remedy the breach.

11.     **Survival of Obligations.**  The obligations imposed by this Protective Order survive the

termination of this action.

12.     **Prior Orders.  All prior consistent orders remain in full force and effect.**

13.     **Remedies.  Failure to comply with any provision of this Protective Order or any**

**other prior consistent order shall subject the non-complying party, non-complying**

**counsel and/or the party such counsel represents to any and all appropriate**

**remedies, sanctions and the like, including without limitation: assessment of costs,**

**fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or**

**limitation of witnesses, testimony, exhibits, and other evidence; striking of**

**pleadings; complete or partial dismissal with prejudice; entry of whole or partial**

**default judgment; and/or any other relief that this Court may from time to time**

**deem appropriate.**

Dated: October_____6_____, 2021

_____*s/ Tony N. Leung*_____
Tony N. Leung
United States Magistrate Judge
District of Minnesota


*CAIR Foundation, Inc. v. Saroya*
Case No. 21-cv-1267 (SRN/TNL)

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CAIR Foundation, Inc., *d/b/a Council on American-Islamic Relations, & CAIR*,<br><br>Plaintiff,<br><br>v.<br><br>Asma Lori Haidri Saroya a.*k.a. Lori Saroya, Asma Saroya, Lori Haidri, Lori Haidri-Saroya, & LH*,<br><br>Defendant. | Case No. 21-cv-1267 (SRN/TNL)<br><br><br>**EXHIBIT A**<br><br>**AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER** |

I hereby acknowledge that I have received a copy of the Protective Order ("Protective Order"), entered in the above-captioned action.  I have carefully read the Protective Order in the above-captioned case and I fully understand the terms of the Protective Order.  I recognize that I am bound by the terms of that Protective Order, and I agree to comply with those terms.

I agree, under penalty of perjury, not to disclose information designated thereunder as "Confidential" or "Confidential—Attorneys' Eyes Only" (hereinafter referred to collectively as "Confidential" material) to any person not entitled to access such information.

I further agree to use "Confidential" material only in connection with this Court action, and not for any other purpose.

I hereby consent to the jurisdiction of the above-caption Court in respect to any proceedings relative to the enforcement of that Protective Order, including without limitation any proceeding related to contempt.

At the end of this Court action, or my involvement in this Court action, whichever occurs first, I will return to counsel for the party who produced any "Confidential" documents or information that has come into my possession.

Executed this _____ of _____ 20__, at _____.

_____
Signature

Name:_____

Company: _____

Business Address:_____

Business Telephone Number: _____

11

**EXHIBIT B**

**SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG**

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | | |
|---|---|---|---|---|---|---|---|---|
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *5, 8, 12-15, 23-25* | X | | | | | *Confidential financial information.* |
| 26 | *Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment* | *16-20, 26-27* | X | | | | | *Confidential medical records.* |