# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CAIR FOUNDATION, INC., d/b/a
COUNCIL ON AMERICAN-ISLAMIC
RELATIONS & CAIR,

      Plaintiff,

v.

ASMA LORI HAIDRI SAROYA a.k.a. LORI
SAROYA, ASMA SAROYA, LORI
HAIDRI, LORI HAIDRI-SAROYA, & LH,

      Defendant.

Case No.:  0:21-cv-01267

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO LORI SAROYA'S
FIRST SET OF INTERROGATORIES TO CAIR FOUNDATION, INC.**

Plaintiff, CAIR Foundation, Inc., d/b/a Council on American-Islamic Relations & CAIR ("CAIR"), hereby submits the following Responses and Objections ("Responses") to Defendant Asma Lori Haidri Saroya a.k.a. Lori Saroya, Asma Saroya, Lori Haidri, Lori Haidri-Saroya, & LH's ("Saroya") First Set of Interrogatories ("Interrogatories").  CAIR reserves the right to amend or supplement these Responses at any time prior to the final hearing in this matter.

**OBJECTIONS TO SAROYA'S DEFINITIONS**

1.  CAIR agrees that the definition of "CAIR" includes CAIR Foundation, Inc., Council on American-Islamic Relations, and CAIR.  CAIR objects to definition of CAIR as it pertains to "affiliates" or "chapter" organizations that are not parties to this action and separate legal entities not controlled by CAIR.  CAIR objects to the definition of CAIR including "Washington Trust Foundation, Inc." and "CAIR National Legal Defense Fund, Inc." because these entities are not parties to this action and are separate legal entities not controlled by CAIR.  CAIR objects to the inclusion of CAIR Action Network because that entity no longer exists.  CAIR objects to the inclusion of "attorney" in the definition of CAIR to the extent that the Requests seek documents

and information that are protected from disclosure by the attorney-client privilege or work product doctrine.

## OBJECTIONS TO SAROYA'S INSTRUCTIONS

1.   CAIR objects Instruction Nos. 2 and 3 to the extent that they attempt to impose a duty on CAIR to produce documents and information in the possession, custody, and/or control of an "affiliate" or "chapter" organization that is a separate legal entity from CAIR, not under CAIR's control, and that CAIR does not have relative access to.  CAIR objects to the inclusion of "legal counsel" or "attorneys" in the Instructions to the extent the Requests seek documents and information that are protected from disclosure by the attorney-client privilege or work product doctrine.  In responding to these Requests, CAIR, as that term is defined above, will produce responsive information that is known or available to it.

## SPECIFIC OBJECTIONS THAT APPLY TO MULTIPLE REQUESTS

1.   CAIR objects to any Request that seeks information in the possession, custody, and control of the Washington Trust Foundation and/or the CAIR National Legal Defense Fund, Inc. because those corporations are not parties to the instant litigation and are separate legal entities with their own governing bodies and employees, and documents possessed by those entities are not under CAIR's possession, custody, and control.  Additionally, because these are separate legal entities, these requests seek information that CAIR does not have relative access to.

2.   CAIR objects to any Request that seeks information pertaining to the Washington Trust Foundation, the CAIR Action Network, Inc., and/or the CAIR National Legal Defense Fund, Inc. regardless of whether the information is in CAIR's possession, custody, and control, because this lawsuit charges Saroya with defaming CAIR, not these separate entities, and, therefore, information related to the Washington Trust Foundation, CAIR Action Network, Inc., and/or the

CAIR National Legal Defense Fund, Inc. is not relevant to the parties' claims or defenses and not proportional to the needs of the case.

3.   CAIR objects to any Request that seeks information from any chapter organizations because the chapter organizations are separately-owned legal entities with their own governing bodies and employees, and information possessed by those entities is not under CAIR's possession, custody, and control.  Additionally, because these are separate legal entities, these requests seek information that CAIR does not have relative access to.

4.   CAIR objects to any Request that seeks information pertaining to any chapter organization or "affiliate" of CAIR, regardless of whether that information is in CAIR's possession, custody, and control, because this lawsuit charges Saroya with defaming CAIR, not these separate entities, and, therefore, information related to any "affiliate" and/or chapter organization is not relevant to the parties' claims or defenses and not proportional to the needs of the case.  CAIR also objects to these requests because such discovery is likely to cause an undue burden and expense on CAIR that greatly outweighs any benefit.

5.   CAIR objects to any Requests that seeks information in the possession, custody, and control of the CAIR Action Network, Inc. because that corporation does not exist.

### RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

1.   Please state the name, address and position of each person who provided information in connection with the preparation of responses to each interrogatory set forth herein.

**RESPONSE:**  CAIR identifies (1) Lena Masri, Esq., General Counsel and National Litigation & Civil Rights Director for CAIR; and (2) Zanah Ghalawanji, Esq., Counsel for CAIR.  Ms. Masri and Ms. Ghalawanji may be contacted through counsel.

2.   Please identify by name, address and phone number every public relations, media consultant or lobbyist engaged by CAIR since 2011.

3

**OBJECTIONS:**  CAIR objects to this Request because it seeks documents that are not relevant to the parties' claims and defenses and not proportional to the needs of the case.  CAIR routinely engages lobbyists to advocate for Muslim rights in America, none of whom have anything to do with Lori Saroya or the instant lawsuit.

**RESPONSE:** This Request seeks information that is outside the scope of permissible discovery pursuant to Rule 26(b)(1) because the information sought is not relevant to the parties' claims or defenses and not proportional to the needs of the case.

3.   Please identify every lawsuit, including but not limited to those alleging defamation, that CAIR has filed from 2011 to the present, and include in your response the parties, the forum in which the action was commenced, the docket number and the year in which it was filed.

**OBJECTIONS:**  CAIR objects to this Request as overbroad because it seeks the identification of every lawsuit filed by CAIR without limitation as to subject matter or time period and, therefore, seeks documents that are not relevant to the parties' claims and defenses and not proportional to the needs of the case.  Discovery requests must be based on a good-faith belief that material facts will be uncovered.  Here, Saroya is merely engaging in an impermissible "fishing expedition."

**RESPONSE:** Subject to, and without waiving, these objections, CAIR will identify all lawsuits filed by CAIR against any current or former employee of CAIR from 2016 to present. In response to that Request as narrowed, CAIR states that it does not have information responsive to this Request.

4.   Please identify every lawsuit or administrative claim of any kind filed by any individual, entity or agency against CAIR, and/or any director, officer or employee thereof,

since 2011, and for each identify the parties, the forum in which it was commenced, the docket

or file number and the year in which it was filed.

**OBJECTIONS:** CAIR objects to this Request as overbroad because it seeks the

identification of any lawsuits or administrative claims filed against CAIR without limitation as

to subject matter or time period and, therefore, seeks documents that are not relevant to the

parties' claims and defenses and not proportional to the needs of the case.  Discovery requests

must be based on a good-faith belief that material facts will be uncovered.  Here, Saroya is

merely engaging in an impermissible "fishing expedition."  Additionally, this Request seeks the

identification of any lawsuits or administrative claims filed against any employees, officers, or

directors of CAIR, which would include lawsuits and/or claims filed by any parties against any

employee in their individual capacity (such as an auto accident claim), which is information

that CAIR does not have in its possession, custody, or control and is not relevant to the parties'

claims or defenses.

**RESPONSE:**  Subject to, and without waiving, these objections, CAIR will identify all

lawsuits or administrative claims filed against CAIR by any current or former employee of

CAIR from 2016 to present alleging gender discrimination, sexual harassment, or retaliation.

In response to that request as narrowed, CAIR states that it does not have information

responsive to this Request.

5.   Please identify every federal or state criminal indictment or information that has been

issued against, or guilty plea that has been entered by, any individual who has been an

employee, officer or director of CAIR since 2011, and for each such indictment, information or

plea state the name of the defendant(s), the court in which it has been issued or entered, the

docket number and year in which the matter was instituted.

5

**OBJECTIONS:**  CAIR objects to this Request as overbroad because it seeks the identification of any criminal indictment against any employee, officer, or director of CAIR without limitation as to subject matter or time period and, therefore, seeks documents that are not relevant to the parties' claims and defenses and not proportional to the needs of the case. This Request seeks the identification of any criminal indictments filed against any employees, officers, or directors of CAIR, which would include indictments against employees for any criminal misconduct regardless of whether the criminal conduct involved or was related in any way to their employment at CAIR.  Discovery requests must be based on a good-faith belief that material facts will be uncovered.  Here, Saroya is merely engaging in an impermissible "fishing expedition."

**RESPONSE**:  Subject to, and without waiving, these objections, CAIR will identify any criminal indictments against its employees, officers, or directors related to their employment with CAIR from 2016 – 2021.  In response to that request as narrowed, CAIR states that it does not have information responsive to this Request.

6.   Please identify every contribution, donation or grant of which you are aware to CAIR, Washington Trust Foundation, Inc., CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Legal Defense Fund, Inc. by any individual or entity residing in, resident of or based in any country other than the United States, and provide the name and address of the individual or entity and the date and amount of the contribution, donation or grant.

**OBJECTIONS:**  CAIR incorporates Specific Objection Nos. 1, 2, and 5 as if stated fully herein.  CAIR further objects to this Request because it seeks information that is not relevant to the parties' claims and defenses and not proportional to the needs of the case.  CAIR further objects to this Request because it seeks highly confidential and proprietary information

related to CAIR's donors and finances that is not relevant to the parties' claims and defenses.

CAIR also objects because this Request would improperly prejudice donors and grantees that

are not parties to the litigation and do not have any relevance to this litigation by exposing their

identities and finances.  Discovery requests must be based on a good-faith belief that material

facts will be uncovered.  Here, Saroya is merely engaging in an impermissible "fishing

expedition."

**RESPONSE:**  This Request seeks information that is outside the scope of permissible

discovery pursuant to Rule 26(b)(1) because the information sought is not relevant to the parties'

claims or defenses and not proportional to the needs of the case.  This Request also seeks

information that CAIR is prohibited from disclosing pursuant to the attorney-client privilege

and/or work product doctrine.  This Request also seeks CAIR's proprietary and confidential

business information that is not relevant to the parties' claims and defenses.  This Request also

prejudices CAIR's donors and grantees by exposing their identities and finances.  Based on the

foregoing, this Request was interposed for the improper purpose of harassing CAIR and

needlessly increasing the cost of litigation pursuant to Rule 26(g)(1)(B)(ii) of the Federal Rules

of Civil Procedure, conduct which is sanctionable pursuant to Rule 26(g)(3).

   7.  Please identify any donor or prospective donor to CAIR that declined to contribute to

CAIR, or which reduced its intended contribution, as a result of any statement by Lori

Saroya, and state the factual basis for your belief that this occurred.

   **OBJECTIONS:**  CAIR objects to this Request because it is premature as its damages

continue to grow due to Saroya's continued defamation and harassment.

   **RESPONSE:** Subject to, and without waiving, its Objections, CAIR will produce

information responsive to this Request subject to a Confidentiality Agreement with an AEO

provision.

8. Please identify every email account, social media account, YouTube account and Internet address used by CAIR since 2011.

**OBJECTION:**  CAIR objects to this Request as overbroad because it seeks the identification of every email account (which would include every current or former employee's email address for the past ten years), social media account, YouTube account and Internet address used by CAIR over a ten-year time period and, therefore, seeks documents that are not relevant to the parties' claims and defenses and not proportional to the needs of the case.

**RESPONSE:**  Subject to, and without waiving its Objections, CAIR will identify its social media and YouTube account addresses, as well as the general CAIR email address and website address, used by CAIR since 2016 to present.  In response to the Request as narrowed, CAIR identifies the following addresses:

- https://www.cair.com/

- https://twitter.com/CAIRNational?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor

- https://www.instagram.com/cair_national/?hl=en

- https://www.youtube.com/user/CAIRtv

- https://www.facebook.com/CAIRNational/

- info@cair.com

- Cairnewsroom.com

- Islamophobia.org

- https://www.youtube.com/user/CAIRDCTV

- https://actionnetwork.org/groups/council-on-american-islamic-relations-cair

- www.change.org/boycotthilton

- Website: Muslims.Vote

- Twitter: @MuslimsVote and @MuslimsGOTV

9.      Please identify every officer or employee of CAIR or any chapter or affiliate of

CAIR who to your knowledge has asserted, orally or in writing, that he or she has been the

subject of discrimination, harassment or retaliation by any employee or officer of CAIR or one

of its chapters or affiliates since 2011, stating the name of the individual, the nature of the claim

and the names of the individual(s) or entity(ies) claimed to be responsible.

**OBJECTIONS:**  CAIR incorporates Specific Objection Nos. 3 & 4 as if stated fully

herein.  CAIR further objects to this Request as overboard because it is not limited as to time

period and, therefore, seeks information that is not relevant to the parties' claims and defenses

and not proportional to the needs of the case.

**RESPONSE:**  Subject to and without waiving these objections, CAIR will conduct a

good faith investigation as to any complaints, orally or in writing, asserting allegations of sexual

or gender discrimination, sexual harassment or retaliation made by any employee of CAIR or any

chapter organization against any officer, director or employee of CAIR, and will identify any

individuals who made such a complaint, to the extent any such complaints were made, for the time

period of 2016 – 2021.

10.     With respect to every assertion of discrimination, harassment or retaliation

identified in response to the preceding interrogatory, please describe any investigation conducted

by CAIR.

**OBJECTIONS:**  CAIR incorporates its Objections to Request No. 9 as if stated fully

herein.

**RESPONSE:**  Subject to and without waiving these objections, CAIR will conduct a

good faith investigation as to any complaints, orally or in writing, asserting allegations of sexual

or gender discrimination, sexual harassment or retaliation made by any employee of CAIR or any

chapter organization against any officer, director or employee of CAIR, including any investigation

conducted by CAIR in response to said complaints, and will identify responsive information, to the

extent any such information exists, for the time period of 2016 – 2021.

11.     Please identify every settlement agreement, severance agreement or non-disclosure

agreement entered into with any individual by CAIR since 2011, including in your response the

name of that individual, the nature of the agreement, its date and any financial consideration paid

to that individual in connection with that agreement.

**OBJECTIONS:**  CAIR objects to this Request as overbroad because it seeks all

settlement and severance agreements without limitation as to subject matter or time period with

any individual, regardless of whether that individual was employed by CAIR, and, therefore,

seeks documents that are not relevant to the parties' claims and defenses and not proportional

to the needs of the case.  Discovery requests must be based on a good-faith belief that material

facts will be uncovered.  Here, Saroya is merely engaging in an impermissible "fishing

expedition."  Additionally, all CAIR employees execute a Confidentiality Agreement at the

start of their employment with CAIR, as is customary in the majority of businesses in this

country.  Requiring CAIR to produce every employees' Confidentiality Agreement (Non-

Disclosure Agreement) would be overly burdensome as to cost and would impose an undue

burden and hardship on CAIR.

**RESPONSE:**  Subject to, and without waiving, these objections, CAIR agrees to

narrow this Request to seek the identification of any settlement agreement, severance

agreement, or non-disclosure agreement executed by any employee of CAIR who asserted

claims of sexual or gender discrimination, sexual harassment, or retaliation against CAIR from

10

2016 – 2021. In response to that request as narrowed, CAIR states that it does not have information responsive to this Request.

12. Please identify every complaint, grievance or claim of any kind made against Lori Saroya by any officer or employee of CAIR, or any chapter or affiliate thereof, and state the name of the individual, the nature and date of the claim and the name of any individual investigating the complaint, grievance or claim.

**RESPONSE:** CAIR will conduct a good faith investigation as to any complaints made against Lori Saroya and will identify responsive information, including, but not limited to:

- Zainab Chaudry in or around January 2018 and February 2018: multiple complaints related to Saroya's continued interference in Ms. Chaudry's work for CAIR-Maryland and repeated harassment. Nihad Awad investigated Ms. Chaudry's complaints.

- Muslim American Society of Minnesota ("MAS") in or around July 5, 2015: complaints alleging that Saroya harassed MAS at the 2013 and 2014 Muslim Day at the Capital and 2014 MAS-MN Convention, interfered with MAS's media activities in 2014, accused MAS of spying in 2015, attempted to disrupt the opening of the new Masjid and disrupting the functioning of the existing Masjid, and engaging in repeated and systemic defamatory Facebook attacks. Nihad Awad investigated Ms. Chaudry's complaints.

- Saud Shah in or around June 2017: complaints regarding Saroya's unprofessional and hostile behavior. Nihad Awad investigated Mr. Shah's complaints.

- Sahra Nadiir in or around March 2018: complaints regarding Saroya's hostile behavior towards and harassment of CAIR office staff. Nihad Awad investigated Sahra Nadiir's complaints.

- Nezar Hamze in or around February 2017 and June 2017: complaints regarding Saroya's hostile behavior towards and harassment of CAIR-Florida staff. Nihad Awad investigated Nezar Hamze's complaints.

13. Please describe any investigation conducted by CAIR into allegations of misconduct of any kind by Hassan Shibly.

11

**OBJECTIONS:**  CAIR objects to this Request because it seeks information that is not relevant to the parties' claims and defenses and not proportional to the needs of the case as Hasan Shibley is not a current or former employee of CAIR.

**RESPONSE:**  This Request seeks information that is outside the scope of permissible discovery pursuant to Rule 26(b)(1) because the information sought is not relevant to the parties' claims or defenses and not proportional to the needs of the case.

14.     Please identify every payment in connection with every settlement agreement or severance agreement that has been paid by CAIR, or any affiliate or chapter thereof, since 2011, and for each such payment identify the payor, the payee, the date, the nature of the payment and the amount.

**OBJECTIONS:**  CAIR incorporates Specific Objection Nos. 3 & 4 as if stated fully herein.   CAIR further objects to this Request as overbroad because it seeks information related to all settlement or severance agreements without limitation as to subject matter or time period with any individual, regardless of whether that individual was employed by CAIR, and, therefore, seeks documents that are not relevant to the parties' claims and defenses and not proportional to the needs of the case.  Discovery requests must be based on a good-faith belief that material facts will be uncovered.  Here, Saroya is merely engaging in an impermissible "fishing expedition."

**RESPONSE:**  Subject to, and without waiving, these objections, CAIR agrees to narrow this Request to seek information related to any settlement or severance agreements executed by any employee of CAIR who asserted claims of sexual or gender discrimination, sexual harassment, or retaliation against CAIR from 2016 – 2021.  In response to that request as narrowed, CAIR states that it does not have information responsive to this Request.

15.     Please identify every foreign trip taken by any officer, director or employee of

CAIR paid for in whole or in part by CAIR since 2011, and include in your response the

individual, the country or countries visited, the purpose of the trip and the date.

**OBJECTIONS:**  CAIR objects to this Request because it seeks documents that are not

relevant to the parties' claims and defenses and not proportional to the needs of the case.

**RESPONSE:**  This Request seeks information that is outside the scope of permissible

discovery pursuant to Rule 26(b)(1) because the information sought is not relevant to the

parties' claims or defenses and not proportional to the needs of the case.

16.     Please identify every statement by CAIR to any of its chapters or affiliates, or

issued to the media, or posted on social media, referring to or relating to Lori Saroya since 2011.

**OBJECTIONS:**  CAIR objects to this Request because it seeks public statements

posted on social media, which are readily available to Saroya and in her possession.  CAIR

further objects to this Request because it seeks any statement that relates to Saroya since 2011

regardless of whether it relates to the parties' claims and defenses in the instant litigation, and,

therefore, seeks information that is not relevant to the parties' claims and defenses and

proportional to the needs of the case.

**RESPONSE:**  Subject to, and without waiving, these objections, CAIR will produce

and identify statements issued by it to any chapter or third-party organizations relating to

Saroya's defamatory communications and the instant lawsuit.

17.     Please identify every document referring or relating to or reflecting or constituting

in whole or in part an evaluation or comment on Lori Saroya's job performance either with

CAIR's Minnesota chapter or with CAIR.

**OBJECTIONS:**  CAIR objects to this Request as overbroad because it seeks the

identification of every document that "comments" on Lori Saroya's job performance over a 10-

year period, including her job performance at CAIR-MN, which is not relevant the parties'

claims and defenses in the instant litigation and not proportional to the needs of the case.

**RESPONSE:**  Subject to, and without waiving, these objections, CAIR will produce

Saroya's performance reviews during her employment at CAIR from 2016 – 2018 and identify

those documents to Saroya.

Dated: September 22, 2021                **CHRISTENSEN LAW OFFICE PLLC**

By  Carl E. Christensen (MN #0350412)
    800 Washington Avenue North, Suite 704
    Minneapolis, MN 55401
    Telephone: (612) 823-4016
    Facsimile: (612) 823-4777
    Email:  carl@clawoffice.com

    and

    /s/ *Cynthia B. Morgan*
    Michael J. Fortunato (*admitted pro hac vice*)
    Cynthia B. Morgan (*admitted pro hac vice*)
    RUBIN FORTUNATO & HARBISON P.C.
    1200 Liberty Ridge Drive, Suite 220
    Wayne, PA  19087
    Telephone: (610) 408-2005/2022
    Facsimile: (610) 408-9000
    Email:  mfortunato@rubinfortunato.com
    Email:  cmorgan@rubinfortunato.com

    *Attorneys for Plaintiff CAIR Foundation, Inc., d/b/a*
    *Council on American-Islamic Relations, & CAIR*

## **VERIFICATION**

I, Lena F. Masri, Esq., hereby state that I have read the statements in the foregoing *Responses to Lori Saroya's First Set of Interrogatories* and that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

Dated:  September 22, 2021

By: Lena F. Masri, Esq.
Title:  General Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2021 a true and correct copy of the foregoing was

served via electronic mail to:


Alain M. Baudry (MN #186685)
Steven C. Kerbaugh (MN #0390429)
**SAUL EWING ARNSTEIN & LEHR, LLP**
33 South Sixth Street, Suite 4750
Minneapolis, MN 55402
Telephone: (612) 225-2946
Facsimile: (612) 677-3844
Email: alain.baudry@saul.com
Email: steven.kerbaugh@saul.com

Jeffrey S. Robbins (Admitted *Pro Hac Vice*)
Joseph D. Lipchitz (Admitted *Pro Hac Vice*)
**SAUL EWING ARNSTEIN & LEHR, LLP**
131 Dartmouth Street, Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
Facsimile: (617) 723-4151
Email: jeffrey.robbins@saul.com
Email: joseph.lipchitz@saul.com

*Attorneys for Defendant Lori Saroya*


*/s/ Cynthia B. Morgan*
Cynthia B. Morgan


15