# EXHIBIT C



Steven C. Kerbaugh
Phone: (612) 225-2792
Steven.Kerbaugh@saul.com
www.saul.com

October 4, 2021

**VIA U.S. MAIL & E-MAIL**
Carl E. Christensen
Christensen Law Office PLLC
800 Washington Avenue North, Suite 704
Minneapolis, MN 55401
carl@clawoffice.com

Michael J. Fortunato
Cynthia B. Morgan
Rubin, Fortunato & Harbison P.C.
1200 Liberty Ridge Drive
Suite 220
Wayne, PA 19087
mfortunato@rubinfortunato.com
cmorgan@rubinfortunato.com

   RE: *CAIR Foundation Inc. v. Saroya*
     Court File No. 0:21-cv-01267

Dear Counsel:

  We write with regard to Plaintiff's Responses and Objections to Lori Saroya's First Set of Interrogatories, which responses were provided on September 22 ("the Responses"). The Responses are obviously woefully deficient, and patently so, and reflect what we believe is a considerable degree of disregard for Plaintiff's obligations under the Rules of Civil Procedure. Plaintiff CAIR Foundation, Inc. d/b/a Council on American Islamic Relations and CAIR ("CAIR") has outright refused to answer the majority of the interrogatories. And where CAIR has responded, it has done so by unilaterally and improperly altering the scope of the interrogatories in order to enable it to withhold evidence, despite the obvious and central relevance of that evidence to Ms. Saroya's defenses, or perhaps because of it. We write to address CAIR's refusal to provide the evidence that has been requested of it in the hope that at the least the areas of dispute can be narrowed for the benefit of the Court.

Production of Documents

  CAIR has agreed to produce evidence in response to some of the interrogatories and in response to several of Defendant Lori Saroya's ("Saroya") document requests. To date, though,

33 S. 6th Street, Suite 4750 ♦ Minneapolis, MN 55402 ♦ Phone: 612-225-2800 ♦ Fax: 612-677-3844

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

39037497.1.docx

Carl E. Christensen, Esq.
Michael J. Fortunato, Esq.
Cynthia B. Morgan, Esq.
October 4, 2021
Page 2

we have not received a single document despite it being several months since service of Ms. Saroya's document requests. Furthermore, we do not have a date by which CAIR has agreed to provide documents relating to the highly limited production to which it has agreed. Nor do we have CAIR's list of proposed search terms and custodians, despite the fact that it has now been nearly three weeks since our September 15 meet and confer conference on CAIR's responses to Ms. Saroya's document requests. Please advise regarding when we will be receiving responsive documents and when we can expect CAIR's proposed list of search terms and custodians.

National Affiliates

It is our understanding based on previous meet and confer discussions and correspondence regarding Ms. Saroya's document requests that CAIR is unwilling to reevaluate its position that it does not have possession, custody or control over evidence relating to its national affiliates Washington Trust Foundation, the CAIR Action Network, Inc. and CAIR National Legal Defense Fund, Inc., or any obligation to evidence relating to those affiliates even if it is in CAIR's possession, custody or control. It is further our understanding that CAIR refuses to produce evidence relating to its chapters, even if they are in CAIR's possession, custody or control. Please let us know if our understanding on these issues is mistaken.

Individual Interrogatories

Interrogatory No. 2 seeks the identities of every public relations, media consultant or lobbyist engaged by CAIR since 2011. CAIR objects to this Interrogatory on relevance grounds. This is so despite the fact that, among other things, such third parties may very well have evidence relating to the truth of the alleged statements that CAIR claims are defamatory and CAIR's efforts to remediate the fallout relating to instances or allegations of mismanagement, financial improprieties, discrimination, harassment, retaliation, abuse, union busting and so forth. Please advise whether CAIR is willing to provide evidence responsive to this Interrogatory.

Interrogatory No. 3 requests that CAIR identify every lawsuit, including those alleging defamation, that CAIR has filed from 2011 to the present, including the forum in which the action was commenced, the docket number and the year in which it was filed. CAIR objects to this Interrogatory as not limited in subject matter or time period. This is not accurate; the Interrogatory is expressly limited to lawsuits from 2011 to the present. CAIR also objects that this Interrogatory does not seek relevant information. Responsive information, however, is directly relevant to the allegations in Ms. Saroya's Answer that CAIR has a pattern and practice of retaliating against those who have been victimized by or expressed concern about discrimination, sexual harassment, sexual assault and religious discrimination within CAIR. Subject to its objections, CAIR has agreed to provide information only from 2016 to the present despite the fact that evidence relating to claims preceding 2016 is plainly relevant to Ms. Saroya's allegations. Please advise whether CAIR is willing to provide evidence responsive to this Interrogatory from 2011 to the present.

39037497.1.docx

Carl E. Christensen, Esq.
Michael J. Fortunato, Esq.
Cynthia B. Morgan, Esq.
October 4, 2021
Page 3

      Interrogatory No. 4. seeks the identification of every lawsuit or administrative claim filed by any individual, entity or agency against CAIR, and/or any of its directors, officers or employees, since 2011, including the identities of the parties, the forum in which it was commenced, the docket number and the year in which it was filed. In response, CAIR again objects that the Interrogatory is not limited with regard to subject matter or time period, which is inaccurate given the 2011 to the present timeframe. CAIR also objects on the basis of relevance despite the plain relevance of any lawsuit or administrative claim to the truth of Ms. Saroya's alleged statements regarding mismanagement, financial improprieties, discrimination, harassment, abuse and retaliation within CAIR. Finally, CAIR alleges that it seeks information that CAIR does not have in its possession, custody or control, but to be clear, Ms. Saroya is only requesting information that CAIR *does* have in its possession, custody or control.

      Subject to its objections, CAIR again unilaterally limited the timeframe of the Interrogatory to 2016 to the present despite the relevance of evidence preceding 2016. CAIR further unilaterally altered the scope of the Interrogatory to lawsuits or administrative claims alleging gender discrimination, sexual harassment or retaliation. This is so despite the fact that the alleged statements CAIR alleges are defamatory include those relating to mismanagement, financial improprieties, religious discrimination, union busting, and so forth. Please advise whether CAIR will respond to the Interrogatory as posed.

      Interrogatory No. 5 requests that CAIR identify every federal or state criminal indictment or information issued against, or guilty plea entered by, any individual who has been an employee, officer or director of CAIR since 2011, and for each such indictment, information and plea, requests the name of the defendant, the court in which it was entered, the docket number and the year instituted. Again, CAIR objects to the Interrogatory not being limited to subject matter or time period despite the fact that it is limited to criminal indictments, informations and pleas from 2011 to the present. CAIR further objects to the Interrogatory on relevance grounds despite evidence relating to allegations of criminal conduct against CAIR's employees, officers or directors being directly relevant to the truth of alleged statements by Ms. Saroya regarding CAIR's misconduct, harassment, abuse and so forth. Please advise whether CAIR will respond to the Interrogatory as initially posed.

      Interrogatory No. 6 requests that CAIR identify every contribution, donation or grant of which CAIR is aware to CAIR and its affiliates the CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc. and CAIR National Legal Defense Fund, Inc. by any individual or entity outside of the United States, including in the response the name and address of the individual or entity and the date and amount of the contribution, donation or grant. In response, CAIR objects on the basis of relevance despite the fact that the information is germane to the truth of Ms. Saroya's alleged statements regarding CAIR being the recipient of foreign funding. CAIR further objects that the Interrogatory requests "highly confidential" information relating to CAIR's donors and finances. But that objection is baseless in light of the fact that the Court will shortly be entering a protective order that will require that information properly

39037497.1.docx

Carl E. Christensen, Esq.
Michael J. Fortunato, Esq.
Cynthia B. Morgan, Esq.
October 4, 2021
Page 4

designated as "Confidential" be used only for the purposes of litigation. CAIR further objects that the information is protected by the attorney-client privilege. But the identity of CAIR's donors is an underlying fact, not a request for or the provision of legal advice, and if CAIR in good faith believes that it is prohibited from disclosing this information on the basis of attorney-client privilege, the information should be appropriately logged so that Ms. Saroya can assess the basis of the claimed privilege. Finally, CAIR alleges without elaboration that providing this information would "improperly prejudice donors and grantees . . . by exposing their identities and finances." This objection is baseless, especially since CAIR will be able to designate the information as "Confidential" pursuant to the Court's imminent protective order if it has a good faith basis for doing so. Please advise regarding whether CAIR is willing to respond to this Interrogatory as initially posed.

Interrogatory No. 7 seeks the identity of any donor or prospective donor to CAIR that declined to contribute to CAIR, or reduced its contribution, as a result of any statement by Ms. Saroya, as well as the factual basis for CAIR's belief this occurred. In response, CAIR indicates that it will only produce responsive information subject to an Attorneys' Eyes Only designation. Inasmuch, CAIR essentially admits its intention to abuse the AEO designation. CAIR cannot be allowed to shield all information relating to its alleged damages from Ms. Saroya. Doing so would effectively preclude her from directing, providing information relevant to or in any way participating in her defense. In the event CAIR attempts to shield such highly relevant information from Ms. Saroya, an individual, she will have no choice other than to bring a motion contesting CAIR's abuse of AEO designations, if the protective order allows for them in the first place. Please advise whether CAIR will provide the information relating to its alleged damages absent an AEO designation.

Interrogatory No. 8 seeks the identity of every email account, social media account, YouTube account and internet address used by CAIR since 2011. CAIR objects to this Interrogatory on relevance grounds and unilaterally alters its scope despite the potential that electronic evidence relevant to the parties' claims and defenses resides at responsive locations. Please advise whether CAIR will fully respond to this Interrogatory.

Interrogatory No. 9 seeks the identity of every officer or employee of CAIR, or any of its chapters or affiliates, who has asserted that he or she has been the subject of discrimination, harassment or retaliation by any employee or officer of CAIR, or any chapter or affiliate, since 2011, including the name of the individual, the nature of the claim, and the names of the individuals or entities claimed to be responsible. In response, CAIR alleges that the Interrogatory is overbroad because not limited by time period, which is again not the case since the Interrogatory specifically identifies 2011 to the present as the relevant time period. CAIR further objects on the grounds of relevance despite the fact that such evidence is directly relevant to the truth of Ms. Saroya's alleged statements regarding CAIR's discrimination, harassment and retaliation. CAIR then goes on to indicate that it will respond to the Interrogatory only for the time period 2016 to 2021 despite the relevance of allegations predating that period. It further unilaterally limits the scope of the

39037497.1.docx

Carl E. Christensen, Esq.
Michael J. Fortunato, Esq.
Cynthia B. Morgan, Esq.
October 4, 2021
Page 5

Interrogatory to "complaints . . . asserting allegations of sexual or gender discrimination, sexual harassment or retaliation . . . ." This is so despite the fact that the allegations in CAIR's Complaint regarding Ms. Saroya's statements are not so limited and include, for example, other forms of discrimination such as religious discrimination. Please advise whether CAIR will respond to the Interrogatory as initially posed, and please further advise when CAIR will produce the evidence it has already agreed to produce in response to this Interrogatory.

Interrogatory No. 10 seeks evidence relating to any investigation conducted by CAIR with regard to the assertions of discrimination, harassment or retaliation identified in response to Interrogatory No. 9. CAIR responds in like kind to Interrogatory No. 10 despite the relevance of responsive evidence for reasons addressed immediately above. Please advise whether CAIR will respond to Interrogatory No. 10 as initially posed, and please further advise when CAIR plans to produce the evidence it has already agreed to produce in response to this Interrogatory.

Interrogatory No. 11 seeks the identity of every settlement agreement, severance agreement or non-disclosure agreement entered into with any individual by CAIR since 2011, including in the response the name of the individual, the nature of the agreement and its date, and any financial consideration paid to the individual in connection with the agreement. In response, CAIR objects that the Interrogatory is overbroad because it seeks agreements without limitation as to subject matter, time period or the individuals involved, and CAIR also objects because it asks all employees to execute a Confidentiality Agreement at the start of employment, the production of information relating to which would be burdensome. Again, though, the Interrogatory is limited in time period from 2011 to the present. And information relating to such agreements is relevant to the truth of Ms. Saroya's alleged statements relating to discrimination, harassment, retaliation and CAIR's treatment of individuals who disclose such misconduct, whether employees of CAIR, an affiliated entity or otherwise. Moreover, Ms. Saroya does not seek through this Interrogatory information relating to confidentiality agreements that CAIR employees execute at the commencement of their employment.

Subject to its objections, CAIR unilaterally narrows the scope of the Interrogatory to the identification of settlement agreements, severance agreements or non-disclosure agreements executed by employees of CAIR who asserted claims of sexual or gender discrimination, sexual harassment or retaliation against CAIR from 2016 to 2021. This is so despite the fact that agreements that predate this period are relevant, as are agreements relating to other types of discrimination, harassment or retaliation, given allegations in CAIR's Complaint about Ms. Saroya's statements relating to, for example, religious discrimination. Keeping in mind that Ms. Saroya is not seeking information relating to confidentiality agreements executed at the outset of CAIR employees' employment, please advise whether CAIR will fully respond to Interrogatory No. 11.

Interrogatory No. 13 seeks evidence relating to any investigation conducted by CAIR into allegations of misconduct by Hassan Shibly. In response, CAIR objects on relevance grounds. But as CAIR knows, Mr. Shibly is the former head of CAIR's Florida Chapter and has been the

39037497.1.docx

Carl E. Christensen, Esq.
Michael J. Fortunato, Esq.
Cynthia B. Morgan, Esq.
October 4, 2021
Page 6

subject of allegations of sexual harassment and abuse, among other things.  Evidence relating to CAIR's investigation of misconduct by Mr. Shibly is directly relevant to the truth of alleged statements by Ms. Saroya relating to harassment, abuse and so forth.  Please advise whether CAIR will respond to Interrogatory No. 13.

Interrogatory No. 14 seeks the identity of every payment in connection with every settlement agreement or severance agreement that has been paid by CAIR, or any chapter or affiliate, since 2011, as well as the identity of the payor, payee, date, nature of payment and amount.  In response, CAIR asserts objections akin to those it asserts with regard to Interrogatory No. 12 despite responsive evidence being relevant for reasons set forth above.  Please advise whether CAIR will respond to Interrogatory No. 14 as initially posed.

Interrogatory No. 15 seeks evidence relating to every foreign trip taken by an officer, director or employee of CAIR paid for in whole or in part by CAIR since 2011, including information relating to the individual, the country or countries visited, the purpose of the trip and the date.  CAIR objects on relevance grounds despite the evidence being directly relevant to the truth of alleged statements by Ms. Saroya relating to CAIR funding from foreign sources.  Please advise whether CAIR will respond to Interrogatory No. 15.

Interrogatory No. 16 asks that CAIR identify every statement by CAIR to any chapters, affiliates or the media, or posted on social media, referring or relating to Ms. Saroya since 2011.  In response, CAIR objects to the Interrogatory because public statements and statements on social media are readily available to Ms. Saroya.  However, that is not necessarily true, especially depending on the location of the post.  CAIR also objects on relevance grounds and agrees to produce only statements issued to any chapter or third-party organizations relating to Ms. Saroya's alleged defamatory communications and this lawsuit.  This is so despite the fact that other statements relating to Ms. Saroya are likewise relevant in that they bear on allegations in CAIR's Complaint regarding Ms. Saroya's conduct while an employee at CAIR and allegations in Ms. Saroya's Answer that CAIR repeatedly publicly praised Ms. Saroya and her work.  Please advise whether CAIR will fully respond to Interrogatory No. 16, and further advise regarding when CAIR will produce the documents that it has already agreed to produce.

Interrogatory No. 17 seeks the identity of every document relating to any evaluation or comment on Ms. Saroya's job performance with CAIR or its Minnesota Chapter.  In response, CAIR objects on relevance grounds, and responds only for 2016 to 2018, despite the fact that those documents are relevant for reasons discussed immediately above.  Please advise whether CAIR will fully respond to Interrogatory No. 17, and further advise regarding when CAIR will produce the documents it has agreed to produce in response to this Interrogatory.

We look forward to resolving as many of these issues without the Court's assistance as possible.  Please let us know by **Wednesday, October 6, 2021** whether CAIR is willing to change its position with regard to any of the issues addressed above.  If you would like to schedule a call to discuss, please let us know that as well.  In the event that CAIR is not willing to compromise

Carl E. Christensen, Esq.
Michael J. Fortunato, Esq.
Cynthia B. Morgan, Esq.
October 4, 2021
Page 7

with regard to these issues, they will be included in the subjects addressed in Ms. Saroya's October 18, 2021 motion to compel, which is scheduled to be heard on November 1, 2021 at 3:30 p.m.

                                                                        Sincerely,

                                                      *s/ Steven C. Kerbaugh*

                                                    Steven C. Kerbaugh

SCK/FJ

cc:     Alain M. Baudry (*via E-mail*)
          Jeffrey S. Robbins, Esq. (*via E-mail*)
          Joseph D. Lipchitz, Esq. (*via E-mail*)