IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CAIR FOUNDATION, INC., d/b/a<br>COUNCIL ON AMERICAN-ISLAMIC<br>RELATIONS & CAIR,<br><br>    Plaintiff,<br><br>v.<br><br>ASMA LORI HAIDRI SAROYA a.k.a. LORI<br>SAROYA, ASMA SAROYA, LORI HAIDRI,<br>LORI HAIDRI-SAROYA, & LH,<br><br>    Defendant. | Civil Action No.: 0:21-cv-01267 (SRN/TNL)<br><br>**MEMORANDUM IN OPPOSITION TO<br>DEFENDANT'S MOTION FOR AN<br>ORDER COMPELLING PLAINTIFF TO<br>ANSWER INTERROGATORIES** |

Plaintiff CAIR Foundation Inc. hereby files this *Opposition* to Defendant, Asma Lori Haidri Saroya's ("Saroya"), *Motion for an Order Compelling Plaintiff to Answer Interrogatories* (Saroya's "*Motion*") and, in support thereof, avers the following:

## INTRODUCTION

This Court should deny Saroya's instant motion because CAIR has already agreed to produce and has produced, to the extent it exists, the information responsive to Saroya's Interrogatories that are relevant to the parties' claims and defenses. The remaining Interrogatories are not even tangentially related to Saroya's defamatory statements and were interposed solely to annoy, oppress, harass, and unduly burden CAIR.

To be clear, CAIR already produced information pertaining to all lawsuits, administrative claims, settlement agreements, severance agreements, complaints, and allegations lodged against it by its employees who asserted claims of discrimination, harassment, abuse, and/or retaliation for a 5-year time period. It also agreed to search its executive leadership for electronically-sourced information using the terms, "complain," "investigate," "sex," "harass," "gender,"

"discrimination," "retaliation," "hostile," "abuse," "victim," and "assault" for that same period. To the extent responsive information is uncovered during this search, CAIR further agreed supplement its Interrogatory Responses.

The Interrogatories that are the subject of this instant motion, however, seek information that is far outside the bounds of legitimate discovery. By way of example, Saroya continues to seek information pertaining to CAIR's chapter organizations and third party affiliates (Interrogatory Request Nos. 9, 10, and 13), despite the fact that CAIR, the national organization, remains the only plaintiff and that Saroya's previous attempts to compel chapter and third-party affiliate discovery remains pending in this Court. In addition, Saroya seeks, *inter alia*, the identification of every lawsuit that CAIR, a chapter organization, or third-party affiliate has filed in the past 10 years, any lawsuit filed against those entities by any individual for the same period, and any settlement or severance agreement entered into by those entities, regardless of whether those lawsuits and settlement agreements even involve a CAIR employee (Interrogatory Nos. 3, 4, 11, and 14), every criminal indictment issued against a current or former CAIR employee, regardless of whether the indictment had anything to do with the person's employment at CAIR (Interrogatory No. 5), every foreign donation made to CAIR, all chapter organizations, and third-party affiliates for a 10-year period (Interrogatory No. 6), and every "foreign trip" taken by an employee of CAIR (Interrogatory No. 15) for any purpose. Because these Interrogatories are patently overbroad, CAIR had no choice but to object to the Interrogatories, narrow their scope to reasonable limits, and maintain the objections now.

CAIR agrees that this Court "has considerable discretion in granting or denying discovery requests." BreathableBaby, LLC v. Crown Crafts, Inc., No. 12-cv-94 (PJS/TNL), 2013 U.S. Dist. LEXIS 95508, at *5 (D. Minn. May 30, 2013) (quoting Bredemus v. Int'l Paper Co., 252

F.R.D. 529, 534 (D. Minn. 2008)). However, this Court has made clear that "some threshold showing is necessary before the parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." BrethableBaby, LLC, 252 F.R.D. at 534 (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992)) (internal quotations omitted). Here, Saroya has failed to make even a threshold showing of relevance for the Interrogatories that form the basis of the instant motion. Accordingly, CAIR requests that this Court deny Saroya's *Motion* in its entirety.

## INTERROGATORY REQUESTS AT ISSUE

**A.     CAIR Should Not be Compelled to Produce Information Related to its Chapter Organizations or Third-Party Affiliates Because Saroya Defamed CAIR, Not These Third-Party Entities.**

Like her previously filed and currently pending *Motion to Compel* (Dkt. 33), this discovery dispute primarily centers around Saroya's requests for discovery related to CAIR chapter organizations and to other third-party affiliate organizations, which Saroya dubs "National Affiliates," namely Washington Trust Foundation, Inc. ("WTFI") and the CAIR Action Network.[1] CAIR objected to producing information related to these third party entities, because this lawsuit charges Saroya with defaming CAIR, not these separate entities, and, therefore, information related to any "affiliate" and/or chapter organization is not relevant to the parties' claims or defenses and not proportional to the needs of the case.

Saroya claims that she is entitled to discovery related to chapter organizations and third-party affiliates because her defamatory statements pertain to the "CAIR organization as a whole" and that CAIR is a "moniker used not only by CAIR Foundation, Inc., but by the National Affiliates and by each chapter." See Saroya's *Motion* [Dkt. #54] at p. 6. But Saroya's claim is

---

[1] CAIR Action Network is no longer in existence and is now known as WTFI. It will be referred to herein as "WTFI".

3

inaccurate, unsupported by the record, and inconsistent with her actual defamatory statements. First, as discussed in prior briefing, each of CAIR's chapter organizations and WTFI are completely separate legal entities with their own names, corporate structure, and employees. See e.g., CAIR's *Memorandum in Opposition to Saroya's Motion to Compel* [Dkt. 46], Exhibit D. Id. The CAIR chapter organizations are named via their region. Id. They are distinct from the National organization. Id. Saroya acknowledges as much in her defamatory publications by either specifically referring to CAIR-National as the perpetrator of the misconduct or distinguishing CAIR and its conduct from the conduct of CAIR chapter organizations. See e.g., CAIR's *Complaint* (*Complt*.) [Dkt. #1] at ¶ 72 ("I left CAIR National in May….CAIR owes me nearly $30,000 in unpaid wages, bonuses, and reimbursements"), ¶ 82 ("Last year, I said goodbye to CAIR National and all their dysfunction and abuse"), ¶ 84 ("CAIR National is a very mismanaged, ineffective organization with corrupt leaders. If chapters are truly about justice and truth, you need to step up and fix National"), ¶ 88 (accusing the "national leaders" of being "perpetrators of injustice"), ¶ 90 (claiming that she was owed $30,000 in unpaid wages, bonuses, and reimbursements after working at CAIR from 2016 – 2018), ¶ 92 (asserting various claims against CAIR National), ¶ 107 (accusing CAIR National of "abuse"), ¶ 134 (claiming, *inter alia*, that she was "almost physically assaulted" at CAIR National), and ¶¶ 128, 146, and 155 (differentiating "CAIR" from its chapters). To the extent Saroya wished to make a statement related to a particular chapter, she identified that chapter by its actual name. See e.g., CAIR's *Complt.* at ¶ 88 (referring to CAIR-California and CAIR-New Jersey). Saroya did not accuse the 23 separate chapters or WTFI of engaging in rampant sexual abuse and exploitation of their respective employees. Instead, she published statements accusing CAIR of committing misconduct against *its* employees. These statements form the basis for CAIR's *Complaint* and

4

the veracity of Saroya's allegations against CAIR cannot be proven by the conduct of any third-parties. Accordingly, Saroya's Interrogatories pertaining to the chapter organizations and WTFI go beyond the claims and defenses in this case and her *Motion* for discovery pertaining to these third-party entities should be denied.

**B.    CAIR Should Not Be Compelled to Produce Information Related to Foreign Donations (Interrogatory Nos. 6 and 15).**

Saroya claims that CAIR is required to "identify every contribution, donation, or grant" to CAIR, WTFI, CAIR Action Network, Inc., Council on American Islamic Relations Action Network, Inc., and CAIR National Defense Fund from any individual based in a country outside of the United States (Interrogatory No. 6), as well as every foreign trip taken by an any employee of CAIR regardless of its purpose (Interrogatory No. 15), because CAIR alleges that Saroya has made false statements about it accepting donations from foreign sources. See *Saroya's Motion to Compel*, p. 7 [Dkt. 46]. However, CAIR has made clear that it does *not* dispute that it accepts funding from individuals and entities located outside the United States and that Saroya's statements with respect to foreign donations do not form the basis of CAIR's *Complaint*. See *Kerbaugh Declaration* [Dkt. # 56], Exhibit D; CAIR's *Memorandum in Opposition to Saroya's Motion to Compel* [Dkt. #46] at 13. Accordingly, this Court should deny Saroya's *Motion* with respect to Interrogatory Nos. 6 and 15.

**C.    CAIR Has Produced Information Related to Lawsuits, Administrative Claims, and Criminal Matters (Interrogatory Nos. 3 – 5, 11, and 14).**

Interrogatory Nos. 3 and 4 seek information pertaining to all lawsuits filed by CAIR, CAIR chapter organizations, and WTFI and all lawsuits filed against these same entities regardless of the subject matter of those lawsuits and regardless of whether the lawsuits even involve CAIR, CAIR chapter, or WTFI employees. Interrogatory No. 5 seeks information

5

pertaining to all criminal indictments issued against a CAIR, CAIR chapter, or WTFI employee, regardless of whether that indictment has anything to do with the individuals' employment at any of these entities, for the same period.  Interrogatory Nos. 11 and 14 require CAIR to identify all settlement agreements, severance agreements, settlement and severance payments, and non-disclosure agreements entered into with any individual by CAIR, a chapter organization, or WTFI for a 10 year time period, regardless of whether the individual was even employed at one of these entities.

CAIR objected to these Interrogatories as overbroad, because the Interrogatories, as written, require CAIR to produce information that cannot possibly be germane to Saroya's defamatory statements about CAIR, which center around CAIR's alleged mistreatment of *its employees*, including specific allegations related to gender discrimination, sexual harassment, hostile work environment, and retaliation.  For instance, these Interrogatory Requests require CAIR to produce information related to its employees' lawsuits against other entities (like an auto accident suit), criminal indictments that have no bearing on the individual's employment at CAIR (like a DUI), and lawsuits that it has engaged in with individuals and entities who are not employed by CAIR, a CAIR chapter, or WTFI.

Notwithstanding its objections, CAIR agreed to identify all lawsuits and administrative claims filed against it by any current or former employee from 2016 to the present (including any settlement or severance agreements and payments related thereto) alleging gender discrimination, sexual harassment, or retaliation, as well as all lawsuits that it filed against its employees who alleged the same.  It also agreed to identify any criminal indictments filed against any CAIR employees, officers, or directors that related to their employment at CAIR for the same period.  In response to those Interrogatories as narrowed, CAIR stated that for the time

period 2016 – 2021: (1) it has not filed any lawsuits against any current or former employee of CAIR who asserted claims of gender discrimination, sexual harassment, abuse, or retaliation (with the exception of the instant litigation); (2) no current or former employee of CAIR filed any lawsuit or administrative claim against it alleging gender discrimination, sexual harassment, abuse, or retaliation; and (3) it is not aware of any criminal indictments being filed against any employee of CAIR related to his or her employment at CAIR.  CAIR has provided Saroya with the information germane CAIR's claims and her defenses.  Accordingly, CAIR has satisfied its discovery obligations, and Saroya's *Motion* with respect to these Interrogatories should be denied.

**D.    CAIR Agreed to Produce and Has Produced Information Related to "Reports of Discrimination, Harassment, and Retaliation" (Interrogatory Nos. 9 and 10).**

Interrogatory Request Nos. 9 and 10 seek the identification of any officer or employee of CAIR, all chapter organizations, and all third party affiliates who have asserted that he or she has been the subject of discrimination, harassment or retaliation by any employee of the aforementioned entities since 2011 and information related to any investigation into the same. Although CAIR objected to identifying and producing information pertaining to allegations against chapter or WTFI employees for all the reasons discussed above and in its prior briefing, it agreed to conduct a good faith investigation as to any complaints asserting allegations of discrimination, harassment, or retaliation made by any employee of CAIR, a CAIR chapter organization, or WTFI against any officer, director, or employee of CAIR, including information pertaining to any investigation into complaints of the same, for a five year time period.  On October 15, 2021, CAIR proposed search parameters designed to discover information responsive to these Interrogatories, to the extent such information exists.  Saroya did not agree to CAIR's terms, but has not proposed any additional terms.  Accordingly, CAIR is in the process

7

of reviewing electronically-sourced information and data pursuant to the terms it proposed in October. CAIR also identified one complaint responsive to these Interrogatories and agreed to produce documents related to the same. See *Steven Kerbaugh Declaration* [Dkt. 56], Exhibit D. Accordingly, CAIR has satisfied its obligations with respect to these Interrogatories and should not be compelled to produce any additional information.

### E.     CAIR Should Not be Ordered to Produce Information Related to Hassan Shibly (Interrogatory No. 13).

Interrogatory Request No. 13 seeks information pertaining to Hassan Shibly. CAIR objected to this Interrogatory because, as discussed in its prior briefing, Hassan Shibly is not and has never been employed by CAIR. Mr. Shibly served as CAIR-Florida's Executive Director. As with all chapter organizations, CAIR-Florida is a separate legal entity, with its own leadership and its own employees. To CAIR's knowledge, Mr. Shibly has never been accused of discrimination, harassment, or abuse by any CAIR employee. Additionally, Saroya accused CAIR, not Mr. Shibly, of engaging in rampant discrimination, harassment, abuse, and retaliation against its employees. Information related to CAIR's actions and CAIR's employees, which it has agreed to produce, are certainly relevant. However, information related to Hassan Shibly remains a fishing expedition.

### F.     CAIR Has Produced Information Related to Media Consultants and Lobbyists (Interrogatory No. 2)

Interrogatory No. 2 seeks the identity of every public relations, media consultant or lobbyist engaged by CAIR since 2011. CAIR initially objected to this Interrogatory on relevance grounds because it routinely engages lobbyists to advocate for Muslim rights in America, none of whom have anything to do with Saroya or the instant lawsuit. In subsequent correspondence, Saroya indicated that this Request sought consultants specifically engaged to "remediate the

fallout relating to instances of allegations" that Saroya lodged against CAIR as an entity. See *Kerbaugh's Declaration* [Dkt. 56], Exhibit C. In response, CAIR agreed to identify any media consultant, lobbyist, or public relations firm engaged for reputation management purposes for CAIR as an entity and specifically identified Clearview Communications & PR Inc. CAIR does not have additional information responsive to this Interrogatory as narrowed.

**G.    CAIR Has Produced Relevant Information Related to Saroya's Job Performance (Interrogatory Nos. 16 – 17).**

Interrogatory No. 17 seeks the identification of any "document referring or relating to or reflecting or constituting…any evaluation or comment on Saroya's job performance" either while she was employed at CAIR-Minnesota or CAIR. Interrogatory No. 16 seeks the identification of any statement by CAIR referring or relating to Saroya since 2011. CAIR objected to these Interrogatories as overbroad and unduly burdensome because, as written, they would require CAIR to search for, discover, and produce every instance in which any individual ever "commented" on Saroya's job performance or any instance in which CAIR, a CAIR chapter organization, or another third-party affiliate ever made a statement "related" to Saroya, which would include any projects that she worked on while employed at CAIR.

As with her corresponding document requests, Saroya claims that these Interrogatories are relevant because CAIR has asserted that Saroya's work performance was "deficient." But CAIR has not claimed that Saroya's work performance was "deficient." Instead, CAIR stated that Saroya's employment at CAIR was fraught complaints, issues, and conflicts, *Complt*. at ¶ 38, and agreed to produce documents and information related to Saroya's altercations with her co-workers. On October 22, 2021, CAIR produced documents related to the complaints lodged against Saroya by her co-workers, as well as her annual performance reviews. CAIR will continue to supplement its document production as additional documents and information are

9

discovered. However, CAIR should not be forced to review every single employees' documents and communications for every "comment" made regarding Saroya from 2011 – 2021.

### H. CAIR Will Produce Information Related to its Damages Under a Confidentiality Provision.

CAIR will produce the identities of any donors or prospective donors that declined to contribute to CAIR as a result of any statement by Saroya pursuant to a Confidentiality designation.

## CONCLUSION

Wherefore, for all the foregoing reasons, CAIR respectfully requests that Saroya's *Motion for an Order Compelling Plaintiff to Answer Interrogatories* be denied in its entirety.

Dated: November 10, 2021

**CHRISTENSEN LAW OFFICE PLLC**

By  Carl E. Christensen (MN #0350412)
     800 Washington Avenue North, Suite 704
     Minneapolis, MN 55401
     Telephone: (612) 823-4016
     Facsimile: (612) 823-4777
     Email: carl@clawoffice.com

and

**RUBIN FORTUNATO & HARBISON, P.C.**

Michael J. Fortunato (*admitted pro hac vice*)
Cynthia B. Morgan (*admitted pro hac vice*)
1200 Liberty Ridge Drive, Suite 220
Wayne, PA  19087
Telephone: (610) 408-2005/2022
Facsimile: (610) 408-9000
Email: mfortunato@rubinfortunato.com
Email: cmorgan@rubinfortunato.com

*Attorneys for Plaintiff CAIR Foundation, Inc., d/b/a Council on American-Islamic Relations, & CAIR*