IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CAIR FOUNDATION, INC., d/b/a COUNCIL ON AMERICAN-ISLAMIC RELATIONS, & CAIR,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LORI SAROYA,<br><br>　　　　　　Defendant. | Civil No.:  0:21-cv-01267 (SRN/TNL)<br><br>**JOINT MOTION REGARDING CONTINUED SEALING ON DEFENDANT LORI SAROYA'S MOTION TO COMPEL** |

　　　　Documents have been filed under temporary seal in connection with the following motion:

**DEFENDANT LORI SAROYA'S MOTION TO COMPEL [ECF 33].**

Pursuant to LR 5.6, the parties submit this Joint Motion Regarding Continued Sealing.

39254585.1

| Docket No. | Description of Document | Relevant Page Numbers | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
|---|---|---|---|---|---|---|---|
| | | | Mark "X" in Applicable Column | | | | |
| 36 | Unredacted Memorandum in Support of Defendant Lori Saroya's Motion to Compel | 5-13 | | | X | N/A | CAIR's position: This document should remain sealed. Saroya executed a Confidentiality Agreement with CAIR whereby she agreed not to disclose CAIR's Confidential Information, including information related to CAIR's proprietary business plans, finances, fundraising, and information regarding CAIR's internal processes, to third parties. See Saroya's Agreement, Exhibit B to CAIR's Complaint (Dkt. #1). After her employment with CAIR terminated, Saroya misappropriated CAIR's Confidential Information by, *inter alia*, |

39253958.1
39254585.1

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | sending her entire CAIR email box to her home address. Saroya's Unredacted Memorandum discloses information and documents that are subject to Saroya's Confidentiality Agreement, including internal proprietary business information that can be used to CAIR's competitive disadvantage if unsealed.<br><br>Saroya's argument the Memorandum should not remain sealed because "no party or non-party has designated any document at issue for the purpose of this motion as 'Confidential'" belies common sense. Saroya authored the Memorandum and chose to disclose information and documents subject to her valid and enforceable Confidentiality Agreement. Accordingly, |

39254585.1

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | CAIR is well within its rights to now seek that the Memorandum remain sealed pursuant to the Protective Order [Dkt. #32] entered in this case.<br><br>Saroya's Position: The Protective Order dated October 7, 2021 [Dkt. #32] allows for filing certain "Confidential" information under seal. It provides that parties or non-parties may designate documents as "Confidential," if they "in good faith" contend that the document contains "confidential or proprietary information." (Protective Order § 2(a).) This is to be done "by conspicuously marking each page with the word 'Confidential.'" (*Id.* § 2(b).) Here, no party or non-party has designated any document at issue for the purpose of this motion |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | as "Confidential," rendering any continued sealing inappropriate. And the documents under seal do not meet the standard for a confidentiality designation. There is no basis to shield Saroya's documents that she will use in her defense from public view,[1] nor has CAIR met its burden of demonstrating that it would suffer any kind of competitive disadvantage or other harm from disclosure of the information. (*See* Protective Order § 6(a) ("No document shall be filed under seal unless such document or information therein is genuinely confidential and/or there are compelling reasons to do so.").) Furthermore, CAIR's position that this |

---

[1] Saroya denies CAIR's allegations that she has breached any contractual or other obligation to CAIR.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | document should remain under seal is belied by the fact that its own opposition, which addresses the content of Saroya's memorandum and declaration, is filed in the public record. |
| 39 | Ex. G to Kerbaugh Declaration - Excerpts from deposition transcript of Nihad Awad Hammad dated 1/9/13 | | | X | | N/A | |
| 41 | Declaration of Lori Saroya in Support of Defendant's Motion to Compel | | | | X | N/A | CAIR's position: Saroya's Declaration discloses information and documents that are subject to Saroya's Confidentiality Agreement, including internal proprietary business information that can be used to CAIR's competitive disadvantage if unsealed.<br><br>Saroya's argument the Memorandum should not remain sealed because |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | "no party or non-party has designated any document at issue for the purpose of this motion as 'Confidential'" belies common sense.  Saroya authored the Declaration and chose to disclose information and documents subject to her valid and enforceable Confidentiality Agreement.  Accordingly, CAIR is well within its rights to now seek that the Memorandum remain sealed pursuant to the Protective Order [Dkt. #32] entered in this case.<br><br>Saroya's Position: Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. |
| | 41-1 | Ex. A to Saroya Declaration – | | | X | | N/A | |

39254585.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | New CAIR Chapter Application | | | | | | |
| 41-2 | Ex. B to Saroya Declaration – Document outlining approval process for the creation of any new CAIR chapter | | | | X | N/A | CAIR's position: Exhibit B outlines CAIR's proprietary internal approval process for new chapter organizations. It is a document that Saroya obtained as an employee of CAIR and is subject to Saroya's Confidentiality Agreement.  Saroya misappropriated this document at the conclusion of her employment with CAIR. This document contains internal proprietary business information that can be used to CAIR's competitive disadvantage if unsealed.<br><br>Saroya's Position: Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. |

39254585.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 41-3 | Ex. C to Saroya Declaration – Copy of CAIR's Local Chapters (Affiliate) Reimbursement Policy | | | | | X | N/A | CAIR's position: Exhibit C outlines CAIR's proprietary reimbursement and funding policies for chapter organizations. It is a document that Saroya obtained as an employee of CAIR and is subject to Saroya's Confidentiality Agreement.  Saroya misappropriated this document at the conclusion of her employment with CAIR. This document contains internal proprietary business information that can be used to CAIR's competitive disadvantage if unsealed.<br><br>Saroya's position:  Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. |
| 41-4 | Ex. D to Saroya Declaration – | | | | | X | N/A | CAIR's position: Exhibit D outlines CAIR's internal goals and |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Document titled Chapter Department: Priorities, Goals & Strategies (2018-2022) | | | | | | strategies for new chapter growth.  It is a document that Saroya obtained as an employee of CAIR and is subject to Saroya's Confidentiality Agreement.  Saroya misappropriated this document at the conclusion of her employment with CAIR.  This document contains internal proprietary business information that can be used to CAIR's competitive disadvantage if unsealed.<br><br>Saroya's position:  Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. |
| 41-5 | Ex. E to Saroya Declaration - CAIR's 2017 National Strategic Plan | | | | X | N/A | CAIR's position: Exhibit E is CAIR National Board's National Strategic Plan for 2017.  It outlines, *inter alia*, CAIR's business and marketing plans, financial |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | status, and fundraising goals.  It is a document that Saroya obtained as an employee of CAIR and is subject to Saroya's Confidentiality Agreement.  Saroya misappropriated this document at the conclusion of her employment with CAIR. This document contains internal proprietary business information that can be used to CAIR's competitive disadvantage if unsealed.<br><br>Saroya's position:  Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. |
| 41-6 | Ex. F to Saroya Declaration - March 9, 2017 email from CAIR Board member Manal Fakhoury to CAIR employees | | | | X | N/A | CAIR's position: Exhibit F is an email from a CAIR Board Member to CAIR employees regarding CAIR Florida's corporate structure, including its financial |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | arrangement with CAIR. Saroya misappropriated this document at the conclusion of her employment with CAIR. This document contains internal proprietary business information that can be used to CAIR's competitive disadvantage if unsealed.<br><br>Saroya's position: Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. |
| 41-7 | Ex. G to Saroya Declaration – CAIR's July 30, 2017 Information Technology Policy | | | | X | N/A | CAIR's position: Exhibit G is CAIR's Information Technology Policy which contains proprietary information regarding CAIR's electronic capabilities and software. Saroya misappropriated this document at the conclusion of her employment with CAIR. This document contains internal proprietary |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | business information that can be used to CAIR's competitive disadvantage if unsealed. Saroya's position: Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. |
| 41-8 | Ex. H to Saroya Declaration - CAIR's Trademark Registration | | | X | | N/A | |
| 41-9 | Ex. I to Saroya Declaration – Form 8868 for CAIR Foundation Inc. dated 8/10/15 | | | | X | N/A | CAIR's position: Exhibit I is a confidential tax document pursuant to 26 U.S.C. § 6103(a). Saroya's position: Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. In addition, Exhibit I does not contain any financial data. |

39254585.1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 41-10 | Ex. J to Saroya Declaration - Form 8868 for Washington Trust Foundation , Inc. dated 8/10/15 | | | | | X | N/A | CAIR's position: Exhibit J is a confidential tax document pursuant to 26 U.S.C. § 6103(a). <br><br> Saroya's position: Same as above. Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. In addition, Exhibit J does not contain any financial data. |
| 41-11 | Ex. K to Saroya Declaration - Form 990 for Washington Trust Foundation | | | X | | | N/A | |
| 41-12 | Ex. L to Saroya Declaration -Form 990 for CAIR Foundation Inc. | | | X | | | N/A | |
| 41-13 | Ex. M to Saroya Declaration - Amended & Restated Bylaws of Washington Trust | | | X | | | N/A | |

39254585.1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Foundation, LLC dated 12/6/12 | | | | | | |
| 41-14 | Ex. N to Saroya Declaration -Draft Memorandum of Understanding between CAIR and the Washington Trust Foundation, Inc. | | | | X | N/A | CAIR's position: Exhibit N is a draft Memorandum of Understanding which contains proprietary information regarding CAIR's finances and its fundraising efforts. Saroya misappropriated this document at the conclusion of her employment with CAIR. This document contains internal proprietary business information that can be used to CAIR's competitive disadvantage if unsealed.<br><br>Saroya's position: Saroya incorporates her response as set forth in response to CAIR's position regarding the document found at Docket No. 36. |

Dated: November 15, 2021                **SAUL EWING ARNSTEIN & LEHR, LLP**

By   *s/ Steven C. Kerbaugh*
   Alain M. Baudry (MN #186685)
   Steven C. Kerbaugh (MN #0390429)
   33 South Sixth Street, Suite 4750
   Minneapolis, MN 55402
   Telephone: (612) 225-2946
   Facsimile: (612) 677-3844
   Email:  alain.baudry@saul.com
   Email:  steven.kerbaugh@saul.com

   Jeffrey S. Robbins (Admitted *Pro Hac Vice*)
   Joseph D. Lipchitz (Admitted *Pro Hac Vice*)
   SAUL EWING ARNSTEIN & LEHR, LLP
   131 Dartmouth Street, Suite 501
   Boston, MA 02116
   Telephone: (617) 723-3300
   Facsimile: (617) 723-4151
   Email:  jeffrey.robbins@saul.com
   Email:  joseph.lipchitz@saul.com

   *Attorneys for Defendant Lori Saroya*

Dated: November 15, 2021

**CHRISTENSEN LAW OFFICE PLLC**

By

    Carl E. Christensen (MN #0350412)
    Aaron D. Sampsel (#350412)
    800 Washington Avenue North, Suite 704
    Minneapolis, MN 55401
    Telephone: (612) 823-4016
    Facsimile: (612) 823-4777
    Email: carl@clawoffice.com
           aaron@clawoffice.com

and

  */s Cynthia B. Morgan*
Michael J. Fortunato (*admitted pro hac vice*)
Cynthia B. Morgan (*admitted pro hac vice*)
RUBIN FORTUNATO & HARBISON P.C.
10 South Leopard Road
Telephone: (610) 408-2000
Facsimile: (610) 408-9000
Email: mfortunato@rubinfortunato.com
Email: cmorgan@rubinfortunato.com

*Attorneys for Plaintiff CAIR Foundation, Inc., d/b/a Council on American-Islamic Relations, & CAIR*

39254585.1